## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
| Plaintiff | § | |
| | § | Case No. 4:11-cv-00493-RAS-DDB |
| vs. | § | |
| | § | Jury Trial Demanded |
| CREDITWATCH SERVICES, LTD., | § | |
| Defendant | § | |

## AMENDED COMPLAINT

### NATURE OF ACTION

1.     This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 ("TDCPA"), the Texas Business and Commerce Code, Subchapter E, Chapter 17, ("DTPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA, the DTPA and the TCPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3.     Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

1

5.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6.      Plaintiff, Thomas E. Whatley III ("Plaintiff"), is a natural person residing in Denton County.

7.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8.      Defendant, CreditWatch Services, Ltd. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the

obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Plaintiff's alleged obligation was originally due to Gerald Champion Medical Center for alleged medical services received.

13.     Defendant uses instrumentalities of interstate commerce or the mails in a business of which the principal purpose is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.     In connection with the collection of an alleged debt, Defendant contacted Plaintiff via cellular telephone call on March 21, 2011 at 4:07 P.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector.    (15 U.S.C. §§ 1692d(6), 1692e(11), Tex Fin Code §§ 392.304(a)(4), 392.304(a)(5)(B)).

15.     In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maria," communicated with Plaintiff via telephone call on March 23, 2011, and at such time, Defendant falsely represented that its "attorneys were hired to collect on [Plaintiff's alleged] balance."

16.     In response, Plaintiff inquired as to the name of the attorneys involved and further inquired as to whether there was "legal representation" against Plaintiff at the moment. Defendant responded by stating that the matter had not been sent to its legal

department, and therefore, no attorneys were involved in the debt collection process.  (15 U.S.C. §§ 1692e(3), 1692e(10), Tex Fin Code §§ 392.304(a)(17), 392.304(a)(19)).

17.     In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maria," communicated with Plaintiff via telephone call on March 23, 2011.

18.     During this March 23, 2011 telephone call, Plaintiff verbally demanded Defendant cease and desist all telephone calls to Plaintiff's cellular telephone.

19.     Despite Plaintiff's demand, Defendant's agent and/or employee, falsely represented to Plaintiff that a verbal request to cease and desist all calls made to Plaintiff's cellular telephone was insufficient and that the cease and desist request must be submitted in writing valid.

20.     However, a demand to cease and desist telephone calls to a person's cellular telephone may be made orally. *See Gutierrez v. Barclays Group*, 2011 WL 579238 at *4 (S.D. Cal.) (Although the TCPA does not expressly state whether prior express consent may be oral, the 1992 Report and Order strongly suggests that prior express consent need not be in writing. . . . absent language in the statute to the contrary, this Court agrees with Plaintiffs that prior express consent may be revoked orally and need not be in writing.)  (15 U.S.C. § 1692e(10), Tex Fin Code § 392.304(a)(19)).

21.     Despite Plaintiff's instruction that Defendant cease and desist calling Plaintiff's cellular telephone, Defendant continued to place non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or pre-recorded voice, including, but not limited

to, calls placed on March 22, 2011 at 12:45 PM, March 22, 2011 at 3:26 PM, March 22, 2011 at 5:06 PM, March 23, 2011 at 6:48 PM, March 23, 2011 at 9:19 AM, March 28, 2011 at 11:37 AM, March, 29, 2011 at 8:05 AM, March 31, at 6:58 PM, April 5, 2011 at 1:44 PM, April 5, 2011, at 4:57 PM, April 5, 2011 at 7:43 PM, April 6, 2011 at 11:15 AM, April 8, 2011 at 8:48 AM, April 8, 2011 at 11:49 AM, April 8, 2011 at 2:35 PM, April 11, 2011 at 1:44 p.m., April 11, 2011 at 4:51 PM, April 12, 2011 at 3:01 PM, April 13, 2011 at 9:22 AM, and April 13, 2011 at 1:10 PM (47 U.S.C. §227(b)(1)(A)(iii)).

22.    On or about March 31, 2011, Defendant left Plaintiff a voicemail collection call which failed to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11)).

23.    On April 4, 2011, Plaintiff's counsel send notice of representation to Defendant via certified mail.

24.    Defendant received the April 4, 2011 correspondence on April 8, 2011 at 10:44 AM, and thus had notice that Plaintiff was represented by an attorney.

25.    Despite the fact that Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, Defendant communicated with Plaintiff directly after learning that Plaintiff is being represented by counsel, including placing telephone calls to Plaintiff's cellular telephone on April 8, 2011 at 11:49 AM, April 8, 2011 at 2:35 PM, April 11, 2011 at 1:44 p.m., April 11, 2011 at 4:51 PM, April

5

12, 2011 at 3:01 PM, April 13, 2011 at 9:22 AM, and April 13, 2011 at 1:10 PM. (§ 1692c(a)(2)).

26.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

27.    Plaintiff repeats and re-alleges each and every allegation contained above.

28.    Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated  the FDCPA;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

29.    Plaintiff repeats and re-alleges each and every allegation above.

30.    Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

a.  Failing to disclose clearly in a communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

b.  Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication (Tex Fin Code § 392.304(a)(5)(B));

c.  Representing that Plaintiff's debt was being collected by an Attorney when it was not. (Tex Fin Code § 392.304(a)(17));

d.  Using false representations or deceptive means to collect a debt or obtain information concerning a consumer. (Tex Fin Code § 392.304(a)(19));

e.  Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the TDCPA;

b)  Awarding Plaintiff statutory damages pursuant to the TDCPA;

c)  Awarding Plaintiff actual damages pursuant to the TDCPA;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

31.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

32.    A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

33.    Defendant violated Tex. Bus. Com. Code  § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b)  Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code  § 17.50(h);

c)  Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code  § 17.50(h).

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

8

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—TCPA

34.  Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

35.  Defendant's aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated  47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

a) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

36.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

### CERTIFICATE OF SERVICE

I certify that on September 9, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz