U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-00493-RAS |
| | § | |
| CREDITWATCH SERVICES, LTD. | § | |
|     DEFENDANT. | § | |

## DEFENDANT'S MOTION TO COMPEL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant Creditwatch Services, Ltd., (herein "Creditwatch") through counsel of record, and files Defendant's Motion to Compel.

## I.

## FACTUAL BACKGROUND

1. Plaintiff's deposition was taken December 6, 2011. *See* <u>Defendant's Appendix ("Def. App.")</u> at 1-32. Plaintiff held a piece of paper in front during the deposition. Throughout the entire deposition, Plaintiff referred to and read from the paper while answering questions. On one instance after break was taken, Plaintiff returned to the deposition with writing on his paper that was not present before the break. At the end of the deposition, Defendant's counsel requested to view the paper. Plaintiff and his counsel refused to allow Defendant's counsel review the paper and asserted it fell under the attorney client privilege. Defendant now asks this Court to compel Plaintiff to produce the paper and notes from the deposition.

## II.

## ARGUMENT AND AUTHORITES

2.    At the end of Plaintiff's deposition, the following exchange took place:

**Ms. Malone:** Mr. Whatley, during the course of this deposition I've noticed that you've been checking some notes. May I see them?
**Mr. Whatley:** These are notes that were from my attorney.
**Ms. Malone:** No, sir. If you're taking notes in a deposition, I'm entitled to mark them as - -
**Mr. Whatley:** I'm not taking notes. I underlined…
**Ms. Malone:** I am entitled to see what notes you're taking in the deposition, so I'm asking you.
**Mr. Whatley:** I have not written any notes in the deposition. I have - - you can see the underline that I made right here, a squiggle…
**Ms. Malone:** There's some handwriting that's on that sheet of paper that was not here when we started, sir.
**Mr. Whatley:** It's all been here. It was notes I was taking - - Noah?
**Mr. Radbil:** Yes, I'm here. I'm listening.
**Mr. Whatley:** When I was down in the truck I was taking notes of what you and I were talking about. Now she's saying I just now took them, and she wants to look at them. Is that - -
**Mr. Radbil:** Do not turn them over. We can go before the judge.
**Ms. Malone:** You can go in front of the judge if you want to, but he's had notes in front of him during the course - -
**Mr. Whatley:** Written notes during the deposition.
**Ms. Malone:** No. I saw him take a note and put my name down in the top of his notes. He's also has these notes in front of him and referred to them and looking down at them during the course of the deposition. If he used these notes in any fashion or form to assist him in the testimony, I am entitled to see the witness that uses them on the stand, Noah. That's black letter law. So unless you can tell me why suddenly - - you're not here.[1] So you don't know when these [notes] occurred, then you - - I am coming back for these notes. We can have a Certificate of Conference right now.
**Mr. Radbil**: My client has told me that he has taken no notes during the deposition.

---

[1] Plaintiff's counsel attended the deposition through tele-conference. He was not physically present at the deposition with his client.
**DEFENDANT'S MOTION TO COMPEL – Page - 2**

> **Ms. Malone:** He reviewed these during the deposition. He looked down at them during the course of his testimony.
> **Mr. Radbil:** The answer - -
> **Ms. Malone:** If he uses notes - -
> **Mr. Radbil:** Robbie, the position we're taking is the notes are privileged. He's not taken any notes during the deposition.
> **Ms. Malone:** All right. Then I'm going to ask you to instruct your witness not to destroy these notes, and I', going to take this as our verbal communication that we have now conducted our Certificate of Conference, and you can expect a Motion to Compel. All right?
> **Mr. Radbil:** No. I think we should confer about that off the record - -
> **Ms. Malone:** No, We're done. We're done.
> **Mr. Radbil:** - - at a later time.
> **Ms. Malone:** No, we're done. If you want to talk to your client, call me later. Otherwise this is our Certificate of Conference.
> **Mr. Radbil:** I disagree.
> **Ms. Malone**: You don't get to agree or disagree. That's the way it is.

*See* Def. App. at 28-29 (Whatley Depo. 108:12-111:5). In light of these events at Plaintiff's deposition, Defendant requests this Court to compel Plaintiff in producing the paper and notes from this deposition, to which Plaintiff and his counsel were both instructed to preserve for this Court's ruling.

3. Rule 612 of the Federal Rule of Evidence ("FRE") "gives an adverse party certain options when a witness uses a writing to refresh memory before testifying. Under FRE Rule 612(b), "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." The rule continues "[i]f the producing party claims that the writing includes unrelated matter, the court *must* examine the writing in camera, delete any unrelated portion, and *order* that the rest be delivered to the adverse party." (emphasis added). FRE Rule 612(c) states "[i]f a writing is not produced or is not delivered as ordered the court may issue an appropriate order."

**DEFENDANT'S MOTION TO COMPEL – Page - 3**

4. It is a rare situation where a Plaintiff's own counsel is not present at his own deposition and due to these circumstances, Plaintiff's counsel has no way of knowing whether his client took notes during the deposition, what the notes or piece of paper contained, or even whether or not he was reading from it. Essentially, Plaintiff's counsel would not have even known Plaintiff had a piece of paper in front of him until this issue arose. Defendant's counsel however, was physically present at the deposition, could see the paper, see Plaintiff seemingly reading from and referring to the notes.

5. Following FRE Rule 612, Plaintiff used this writing to refresh his memory during his testimony at his deposition. It is not an issue of whether the notes on the paper were taken during the deposition, or during break with his attorney on the phone, Defendant is entitled to production for inspection and cross-examination. As a result of Plaintiff using this writing at the deposition, Defendant is entitled to production of this writing.

### III.

### CONCLUSION

6. Under FRE Rule 612, Defendant is entitled to production of these notes from Plaintiff's deposition. Plaintiff used the notes throughout his testimony to refresh his memory and therefore the Federal rules allow Defendant to have the writing produced for inspection, cross-examination, and to introduce in evidence any portion that relates to the witness's testimony. If Plaintiff claims the writing includes unrelated matter, the court must make an in camera examination to delete any unrelated portion and order the remainder delivered to Defendant.

WHEREFORE PREMISES CONSIDERED, Defendant Creditwatch Services, LTD. Respectfully requests this Court to Grant this motion and compel Plaintiff to produce the notes used at his deposition.

**DEFENDANT'S MOTION TO COMPEL – Page - 4**

        Respectfully submitted,

        **ROBBIE MALONE, PLLC**

        <u>\s\Robbie Malone</u>
        Robbie Malone
        State Bar No. 12876450
        Northpark Central, Suite 1850
        8750 North Central Expressway
        Dallas, Texas 75231
        (214) 346-2625 Phone
        (214) 346-2631 Fax
        Email: rmalone@rmalonelaw.com

        *Attorneys for Defendant*

## CERTIFICATE OF CONFERENCE

Parties' Counsel conferred over the production of these notes at the end of Plaintiff's deposition. Please see excerpt in Motion as well as Defendant's appendix at 28 (Depo. 109:17-111:5). Plaintiff's counsel is opposed. The Motion is being submitted to the Court for consideration.

        <u>\s\Robbie Malone</u>

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this 4th day of January, 2012 to:

Dennis R. Kurz
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002

        <u>/s/Robbie Malone</u>