UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, <br> PLAINTIFF, | § <br> § <br> § | |
| V. | § <br> § | CAUSE NO. 4:11-cv-00493-RAS-DDB |
| CREDITWATCH SERVICES, LTD., <br> DEFENDANT. | § <br> § <br> § | |

## DEFENDANT CREDITWATCH SERVICES, LTD.'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Creditwatch Services, LTD. ("Defendant"), through counsel of record, and files its Motions to Dismiss Plaintiff's Claims under Rules 12(b)(1) and 68 and shows unto the Court as follows:

### I.

### BACKGROUND

1. On March 19, 2010, Plaintiff incurred a debt for medical treatment at Gerald Champion Regional Medical Center after being bucked off a horse. See Defendant's Appendix ("Def. App.") at 13-14. While at Gerald Champion, a Patient Information sheet was filled out, which included Plaintiff's contact information. See id. While Plaintiff denies that the handwriting is his own, he does believe that he dictated the information to hospital personnel and he confirms that the information is correct. See id.; Def. App. at 30-31 (Depo. 33:21-34:21). In the blank provided after the phrase "Cell Phone #," Plaintiff provided the number "940-210-0311," which he confirms is his cellular telephone number. Def. App. at 16, 28 (24:5-8). Plaintiff does verify that it is his signature on the Hospital Consent form date March 19, 2010. Def. App. at 13, 31 (34:22-36:14)..

2. As indicated on the Patient Information sheet, Plaintiff did not have medical insurance. Def. App. at 14. He was known as what is called "Self-Pay." *See* Def. App. at 17. Accordingly, Plaintiff made small payments on March 19th, May 25th and June 17th of 2010. *See id.* However, Plaintiff fell into arrears. As a result, Plaintiff's account was referred to Creditwatch for collection on September 3, 2010. *See id.*

3. From March 16 to April 13, 2011, Creditwatch attempted to contact Plaintiff by telephone. Creditwatch did so by calling the only telephone number Plaintiff provided to Gerald Champion – his "Cell Phone # 940-210-0311." Thereafter, Plaintiff filed this lawsuit.

4. Plaintiff originally filed suit against Creditwatch in this case August 8, 2011. Creditwatch answered the Original Complaint on August 19, 2011. On September 9, 2011, Plaintiff filed his Amended Complaint without seeking leave from the Court or Creditwatch's written consent. In his Original Complaint, Plaintiff alleges Creditwatch violated the FDCPA, TDCA, and DTPA. *See* Docket Entry ("Doc.") 1 at 1. In his Amended Complaint he adds a claim under the TCPA. *See* Doc. 8 at 1; Def. App. at 1. He seeks statutory and actual damages against Creditwatch.

## II.

## ARGUMENT AND AUTHORITIES

### A. Standards for Defendant's 12(b)(1) and Rule 68 Motion to Dismiss.

1. Plaintiff's Suit Should be Dismissed Under Fed. R. Civ. P. 12(b)(1) for a Lack of Subject-Matter Jurisdiction.

5. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can challenge the court's subject matter jurisdiction and if at any time the court determines that it lacks this

jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(b)(1), 12(h)(3). In fact, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. *Smith v. The Abandoned Vessel*, 610 F.Supp.2d 739, 748 (S.D. Tex. 2009). It is well established in this circuit that parties cannot confer jurisdiction on a court by agreement. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("It is true that subject-matter jurisdiction cannot be created by waiver or consent.").

6. When subject matter jurisdiction is challenged, normally in a motion to dismiss the plaintiff has the burden of proving jurisdiction in order to survive the motion. *See Michigan S. R.R. v. Branch & St. Joseph Cty. Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002; *see Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Specifically, the plaintiff must show that the complaint alleges a claim under federal law, and that the claim is "substantial." *See id.* The plaintiff must prove these by a preponderance of the evidence. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

7. Finally, since a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims.[1] *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).

  2. Plaintiff's Case has been Rendered Moot by Fed. R. Civ. P. 68.

8. In what has been called an "involuntary settlement," Rule 68 of the Federal Rules of Civil

---

[1] While the district court may, at its discretion, exercise supplemental jurisdiction over state law claims, even after it has dismissed all claims over which it had original jurisdiction, *see* 28 U.S.C. § 1367(c)(3), it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction. *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir.1992) ("Supplemental jurisdiction could be exercised only if some other, related claim provides a proper basis for federal jurisdiction."); *see In re Joint Eastern and Southern Dist. Asbestos Litig.*, 14 F.3d 726, 730 n. 2 (2d Cir.1993) ("[T]he court may not exercise supplemental jurisdiction over claims unless the court has 'original jurisdiction' over at least one of the plaintiff's claims."); *cf. Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 554 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere.").

Procedure allows a defendant to make an offer of settlement that equals or exceeds the maximum amount of money, including any attorneys' fees or court costs, that the law would entitle the plaintiff to recover if he prevailed in the suit. *Wrightsell v. Cook County, Illinois*, 599 F.3d 781, 783 (7th Cir. 2010 (citing *Thorogood v. Sears, Roebuck and Co.*, 595 F.3d 750 (7th Cir. 2010)). If the plaintiff refuses such an offer in a case that is *not* a class action, the court loses jurisdiction because the plaintiff would have nothing to gain by continuing to litigate. *Wrightsell*, 599 F.3d at 783. Essentially, an offer of complete relief will generally moot the plaintiff's claim as at that point the plaintiff retains no personal interest in the outcome of the litigation.[2] *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004; *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Conce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.") (internal citations omitted).

9.  Rule 68 offers and acceptances are actively supported by courts. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). Indeed, the very purpose of Rule 68 is to encourage termination of litigation. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir. 1996). The rule deters a plaintiff from lightly disregarding a reasonable settlement offer by forcing the plaintiff to compensate the defense for costs it ought not to have incurred. *See Payne v. Milwaukee Cty.*, 288 F.3d 1021, 1024 (7th Cir. 2002). Basically, Rule 68 prevents a plaintiff from escaping the consequences of gambling on litigation and losing. *See Roska v. Sneddon*, 07-4288, 2007 WL 4165750 at *3 (10th Cir. 2010). Thus, Rule 68 requires parties to critically consider the value of their cases. *See id.*

---

[2] "If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). In other words, if a case becomes moot, the parties lose standing to maintain their claims. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

### B. Plaintiff's Claims are Moot Due to Defendant's Offer of Judgment Equivalent to Plaintiff's Maximum Recovery.

10.     In his Amended Complaint, Plaintiff seeks recovery under the FDCPA of statutory damages, his alleged actual damages, attorney's fees and court costs, and any pre-judgment and post-judgment interest as may be allowed under law. *See* Def. App. at 5-6. Under the TDCA, Plaintiff seeks to recover statutory damages, alleged actual damages attorney's fees and costs, and prejudgment and post judgment interest.[3] *Id.* at 7-8. Plaintiff acknowledges that his claim for statutory damages under the FDCPA is capped at $1,000. *Id.* at 6. Plaintiff also fails to alleges any factual basis for his actual damages. *Id.* at 1-9. As explained below, Defendant's Offer of Judgment under Rule 68, which meets or exceeds the maximum amount of money recoverable if Plaintiff prevailed, moots Plaintiff's suit and it should now be dismissed in its entirety.

#### 1. Plaintiff's Statutory Damages under the FDCPA are Capped at $1,000.

11.     Plaintiff begins his complaint by saying "This is an action for damages brought by an individual plaintiff for Defendant's violations of the [FDCPA]." *See* Def. App. at 1. Later, Plaintiff lays out his alleged claims under this statute. *See id.* at 3-5. First, Plaintiff claims Defendant did not comply with FDCPA §§ 1692d(6) and 1692e(11) when it left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector. *Id.* at 3. Next, Plaintiff alleges Defendant violated FDCPA §§ 1692e(3) and 1692e(10) by stating the matter had not been sent to its legal department, and therefore no attorneys were involved in the debt collection process. *Id.* at 4. Plaintiff also alleges Defendant violated FDCPA

---

[3] Plaintiff has failed to properly plead a cause of action under the Texas Deceptive Trade Practices Act by failing to allege an actual violation under the DTPA. To maintain a cause of action for violation of the DTPA Plaintiff must prove: 1) Plaintiff is a consumer; 2) defendant used or employed a false, misleading, or deceptive act or practice that is specifically enumerated in Section 17.46(b) and relied on by a consumer to the consumer's detriment; and 3) said violation was a producing cause of economic damages or damages for mental anguish. Tex. Bus. & Com. Code §§17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). Plaintiff failed to allege conduct specifically enumerated in Section 17.46(b).

§ 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel. *Id.* at 5.

12. As a result of Plaintiff's allegations, he states that he is entitled to recover "statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000." This however is a misstatement of the law. The language of § 1692k(2)(A) is a debt collector who fails to comply with any provision is liable for "such additional damages as the court may allow, *but not exceeding* $1,000[.]" Looking at this statute, the Sixth Circuit interpreted the language as "recovery of additional damages is limited to $1,000 per proceeding, rather than $1,000 per violation of the Act."[4] *Wright v. Finance Services of Norwalk, Inc.*, 22 F.3d 647, 648 (6th Cir. 1994); *Peter v. GC Services L.P.*, 310 F.3d 344, 352 n.5 (5th Cir. 2002). Therefore, under the FDCPA Plaintiff can recover anywhere between $0.00 and $1,000 in statutory damages.

13. In Defendant's offer of judgment, it offered to pay Plaintiff $1,000.00 as well as attorney's fees incurred to date in an amount to be determined either by agreement of the parties or to be determined by the Court. *See* Def. App. at 10. This offer is equivalent to the maximum amount of money that the law would allow Plaintiff to recover if he prevailed on his FDCPA claims. Because of such, Plaintiff's refusal to accept it moots his claim for statutory damages under the FDCPA. *See Thorogood*, 595 F.3d 750.

2. Plaintiff's DTPA Claims Fail with his TDCA Claims and Should be Dismissed.

14. Under § 392.403(a) of the TDCA, a plaintiff may recover injunctive relief and actual damages sustained as a result of a violation of this chapter. *See* Tex. Fin. Code § 392.403(a). Plaintiff however has failed to plead any actual damages within his Complaint for any violation.

---

[4] *Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, of $1,000 per improper communication, or of $1,000 per alleged debt."); *Bishop v. I.C. System, Inc.*, 713 F.Supp.2d 1351, 1368 (M.D. Fla. 2010) ("Section § 1692k allows a court to award a maximum of $1,000 in statutory damages per lawsuit, regardless of how many times a defendant violates the FDCPA.").

*Id* at 1-10. Plaintiff's Amended Complaint also does not seek an injunction against Defendant under the TDCA. *Id.* Therefore Plaintiff's only possible recovery under the TDCA is reasonable attorney's fees. Defendant's offer of judgment states that it "agrees to pay attorney fees incurred to date in the amount to be determined either by agreement of the parties or to be determined by the Court." *Id* at 10. Accordingly, because this offer satisfies Plaintiff's demand for attorney's fees and costs, his claims for such are rendered moot by his rejection of the offer.

15. Plaintiff alleges Defendant violated the DTPA through the tie-in provision of the TDCA. Plaintiff pled "[a] violation of the [TDCA] is a deceptive trade practice under the [DTPA], and is actionable under the [DTPA] Tex. Fin. Code. Ann. § 392.404(a)". *See* Def. App. at 8. "A consumer must, in order to prevail on a DTPA claim, also establish that each defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (citing Tex. Bus. & Com. Code § 17.50(a)). Therefore, in order for Plaintiff to succeed under the TDCA and DTPA claims, they must prove that they suffered some *actual* injury and that the injury was caused or was "a result of" the specific violations. This they have failed to do. Further, they have even failed to plead any actual injury as a result of any violations. *Id.* at 1-10. Because this DTPA claim is dependent on Plaintiffs' TDCA claims and because Defendant is entitled to dismissal on Plaintiffs' TDCA claims, Defendant is likewise entitled to dismissal on Plaintiffs' DTPA claim.

16. Last, Plaintiff's DTPA claims fail regardless of the viability of Plaintiff's TDCA claims. defendant used or employed a false, misleading, or deceptive act or practice that is *specifically enumerated in Section 17.46(b)* and relied on by a consumer to the consumer's detriment. Tex. Bus. & Com. Code §§17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) (emphasis added). Plaintiff failed to allege conduct specifically enumerated in Section

17.46(b) or to show it was relied on to his detriment. *See* Def. App. at 1-10. Plaintiff's DTPA claims must be dismissed as a matter of law.

### 3. Plaintiff's Only Recovery Other than Statutory Damages are Attorney's Fees.

17. Plaintiff asserts that under FDCPA § 1692k, he is entitled to recover his actual damages resulting from Defendant's alleged violations. Def. App. at 6. In addition, Plaintiff claims he is similarly entitled to recover any actual damages suffered as a result of Defendant's alleged violations of the TDCA. However, While Plaintiff nominally requests recovery for actual damages, Plaintiff fails to allege any factual basis for actual damages throughout his Complaint. *Id* at 1-9. Further, evidence conclusively shows Plaintiff cannot recover actual damages under his Complaint. Defendant refers this Court to its Motion for Summary Judgment detailing Plaintiff's inability to recover under his actual damage claims. *See* Doc. 18. at 21-26. Plaintiff's only possible recovery in this action other than statutory damages is reasonable attorney's fees. Defendant's offer of judgment states that it "agrees to pay attorney fees incurred to date in the amount to be determined either by agreement of the parties or to be determined by the Court." *Id* at 10. Accordingly, because this offer satisfies Plaintiff's demand for attorney's fees and costs, his claims for such are rendered moot by his rejection of the offer.

### III.

### CONCLUSION

18. Plaintiff's failure to accept Defendant's Offer of Judgment under Rule 68 of the Federal Rules of Civil Procedure, which matched the maximum possible recovery under the FDCPA including attorney's fees, renders his claims under the FDCPA moot. Because the FDCPA was Plaintiff's only basis for original, subject matter jurisdiction in federal court, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims under the TDCA. Instead, this

case must be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Defendant Creditwatch Services, Ltd. respectfully requests the Court Grant this Motion and Dismiss Plaintiff's case in its entirety and Grant it any other relief to which it shows itself duly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

\s\Robbie Malone
Robbie Malone
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625 Phone
(214) 346-2631 Fax
Email: rmalone@rmalonelaw.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this 3rd day of February, 2012 to:

Dennis R. Kurz.
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002

/s/Robbie Malone