UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

THOMAS E. WHATLEY III,          §
    PLAINTIFF,                §
                §
V.                              §   CAUSE NO. 4:11-cv-00493-RAS-DDB
                §
CREDITWATCH SERVICES, LTD.,     §
    DEFENDANT.                §

## DEFENDANT CREDITWATCH SERVICES, LTD.'S MOTION CHALLENGING SUFFICIENCY OF PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSION AND MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES COURT:

      COMES NOW, Defendant Creditwatch Services, Ltd. ("Creditwatch"), and files this Motion Challenging Sufficiency of Plaintiff's Responses to Requests for Admission and Motion for Sanctions and would respectfully show unto the Court as follows:

### I.

### BACKGROUND FACTS

1.    On March 19, 2010, Plaintiff incurred a debt for medical treatment at Gerald Champion Regional Medical Center after being bucked off a horse. *See* Defendant's Appendix ("Def. App.") at 13-14.  While at Gerald Champion, a Patient Information sheet was filled out, which included Plaintiff's contact information. *See id.* While Plaintiff denies that the handwriting is his own, he does believe that he dictated the information to hospital personnel and he confirms that the information is correct. *See id.*; Def. App. at 33-34 (33:21-34:21). In the blank provided after the phrase "Cell Phone #," Plaintiff provided the number "940-210-0311," which he confirms is his cellular telephone number. Def. App. at 13; 31 (24:5-8). Plaintiff does verify that it is his signature on the Hospital Consent form date March 19, 2010. Def. App. at 14; 34 (35:8-16).

2. From March 16 to April 13, 2011, Creditwatch attempted to contact Plaintiff by telephone. Creditwatch did so by calling the only telephone number Plaintiff provided to Gerald Champion – his "Cell Phone #940-210-0311." Thereafter, Plaintiff filed this lawsuit.

3.      Plaintiff originally filed suit against Creditwatch in this case August 8, 2011. Creditwatch answered the Original Complaint on August 19, 2011.   On September 9, 2011, Plaintiff filed his Amended Complaint without seeking leave from the Court or Creditwatch's written consent.   In his Original Complaint, Plaintiff alleges Creditwatch violated the FDCPA, TDCA, and DTPA.  *See* <u>Docket Entry ("Doc.") 1</u> at 1.  In his Amended Complaint he alleges Creditwatch violated the FDCPA, TDCA, DTPA and TCPA.  *See* <u>Def. App.</u> at 1; <u>Doc. 8</u>.  He seeks statutory and actual damages against Creditwatch. *Id.*

## II.

## <u>MOTION CHALLENGING SUFFICIENCY OF PLAINTIFF'S RESPONSES</u>

### A. Standard of Law

4.      The main purpose of requests for admissions is to simplify trials by eliminating matters about which there is no real controversy. *See Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 218 (D. D.C. 2001).  The scope of discovery by requests for admission is governed by Fed. R. Civ. P. 26(b)(1). *See* Fed. R. Civ. P. 36(a)(1); *United States v. One Tract of Real Prop.*, 95 F.3d 422, 427 (6th Cir. 1996) (party may seek admission of any relevant matter). Requests for admission may be used to request that a party admit the truth of matters relating to (1) facts, the application of law to facts, or opinions about either, and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1); *see Gluck*, 204 F.R.D. at 218-19.  A responding party should admit relevant matters of fact or opinion that are true. *See* Fed. R. Civ. P. 36(a)(4). When an answer does not

comply with Fed. R. Civ. P. 36, the request may be deemed admitted. Fed. R. Civ. P. 36(a)(6); *see Southern Ry. v. Crosby*, 201 F.2d 878, 880 (4th Cir. 1953).

If the responding party does not provide a sufficient response, the requesting party may move to determine the sufficiency of the responding party's answers or objections. *See* Fed. R. Civ. P. 36(a)(6); *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir. 1988). A motion challenging responses to requests for admissions should clearly state why the responses are objectionable or insufficient. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). A party may ask the court to award sanctions in the form of reasonable expenses, including attorney fees if a party responding to requests for admissions does not admit what is requested and the requesting party later proves the matter true. Fed. R. Civ. P. 37(c)(2).

**B. Plaintiff's Responses are Objectionable Because Plaintiff Refuses to Admit a Matter Proven to be True.**

A responding party should admit relevant matters of fact or opinion that are true. *See* Fed. R. Civ. P. 36(a)(4). Plaintiff refuses to admit that he provided Gerald Champion Medical Center his cellular phone number, consent to receive telephone calls to his cellular phone, or that his only telephone is his cellular phone in his Responses to Creditwatch's Requests for Admission. Plaintiff's First Amended Responses to Defendant's Requests for Admission No. 28-33

**Request for Admission No. 28:** Admit that Exhibit "A" attached hereto was signed by Thomas Whatley.

**Response:** Plaintiff is without sufficient knowledge to admit or deny that the signature is his and therefore denies the same.

**Request for Admission No. 29:** Admit that you provided your cellular phone number to Gerald Champion Regional Medical Center as a contact number for the account in question.

**Response:** Denied.

**Request for Admission No. 30:**  Admit that you provided 940.210.0311[1] as your phone number to Gerald Champion Regional Medical Center as a contact number for the account in question.

**Response:** Denied.

**Request for Admission No. 31:**  Admit that you provided cellular number 940.210.0311 to Gerald Champion Regional Medical Center.

**Response:** Denied.

**Request for Admission No. 32:**  Admit that 940.210.0311 was the only number provided by Whatley to Gerald Champion Regional Medical Center.

**Response:**  Objection. The Request for Admission relies on a false premise that Plaintiff provided the 940.210.0311 telephone number to Gerald champion Regional Medical Center, which Plaintiff specifically denies. Thus, Plaintiff is unable to admit or deny the contents of this Request for Admission and therefore denies the same.

**Request for Admission No. 33:**  Admit that Gerald Champion Regional Medical Center had express consent to contact you on the cellular phone number that you provided them.

**Response:** Denied.

*See* <u>Def. App.</u> at 22-23.  Looking at the Patient Information Sheet on Thomas Whatley, the blank provided after the phrase "Cell Phone #," Plaintiff provided the number "940-210-0311".  When Plaintiff was questioned regarding this sheet and the information provided and if his signature was where it says "Patient Signature", Plaintiff stated "There's [two] different Patient Signatures. **The one on the bottom is mine,** the one on the top is not." *See* <u>Def. App.</u> at 34 (35:10-13) (emphasis added). This was followed by Plaintiff saying he does not recall signing the form but the initials and bottom signature appear to be his. *Id.* (35:17:19).

7.      Based on the deposition testimony above, Plaintiff admits that he signed the document provided his personal information, including his cellular phone number of 940-210-0311 to

---

[1] Plaintiff's Responses to these Requests for Admission inadvertently refer to number "920.210.0311", however, the Requests for Admission served on Plaintiff state "940-210-0311". *See* <u>Def. App.</u> at XXX.

Gerald Champion Regional Medical Center.  In contrast to this however, in Plaintiff's Amended Responses to Defendant's Requests for Admission, he stated that he is without sufficient information to admit or deny that the signature is his and therefore denies the same, he denies providing his cellular phone number to Gerald Champion Regional Medical Center, he denies providing 940-210-0311 to Gerald Champion Regional Medical Center as a contact number and as his cellular phone number, and  he denies that 940-210-0311 was the only number provided by him to Gerald Champion Regional Medical Center in that the request relies on a false premise that Plaintiff provided the number, which he denies.

Reviewing Plaintiff's Amended Responses to Defendant's Requests for Admission, Plaintiff's deposition testimony, and the Patient Information Sheet and Consent Form, Plaintiff still refuses to admit matters found to be true.  Logically, Plaintiff would be able to identify his own signature on the consent form, which he initially did in his deposition, but then stated it only appeared to be his.  *See* Def. App. at 34 (35:10-19).  This position is quite different than his position in his Amended Responses where he states he is "without sufficient knowledge to admit or deny that the signature is his and therefore denies same." *Id.* at 22.  The totality of the circumstances shows that the signature is indeed his as the consent form has his name at the top, the "patient unable to sign _____" is not filled in, and he initially stated in his deposition the signature on the bottom is his.  *Id.* at 14; 34 (35:10-16) .

Furthermore, Plaintiff continues to deny that he provided his cellular phone number, 940-210-0311 to Gerald Champion Regional Medical Center, however the Patient Information Sheet is filled out with all of his personal information, including the cellular phone number at issue, the consent form is signed by him, and he has admits he only has one telephone number.[2]  These

---

[2] In Response to Request for Admission No. 37, Plaintiff admits his only telephone he has is a cellular phone. *See* Def. App. at 23.

facts show that Plaintiff did indeed provide this cellular phone number to Gerald Champion Regional Medical Center.  Therefore and again, Plaintiff refuses to admit matters the facts have proven to be true. Creditwatch requests this Court to grant this motion due to the overwhelming and undisputed evidence.

## III.

## MOTION FOR SANCTIONS

### A.  Standard of Law

5.      A party may ask the court to award sanctions in the form of reasonable expenses, including attorney fees, if a party responding to request for admissions does not admit what is requested and the requesting party later proves a document to be genuine or the matter true. Fed. R. Civ. P. 37(c)(2). Expenses may also be awarded for not properly qualifying a denial. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 579-80 (9th Cir. 1992).  The court must award expenses unless (1) the request was objectionable, (2) the admission was not substantially important, (3) the responding party had a reasonable ground to believe it might prevail, or (4) there was good reason not to admit. Fed. R. Civ. P. 37(c)(2); *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994); *e.g., EEOC v. E.J. Sacco, Inc.*, 102 F.Supp.2d 413, 416-17 (expenses granted when party did not justify lack of adequate response). A court cannot award sanctions under Fed. R. Civ. P. 37(c)(2) against a party's attorney. *Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1013-14.

### B. Plaintiff Refuses to Admit Facts that are Proven to be True.

10.     Based on Creditwatch's argument in its Motion for Sufficiency of Responses and the Federal Rules of Civil Procedure, Plaintiff refuses to admit facts that are proven true. A responding party should admit relevant matters of fact or opinion that are true. *See* Fed. R. Civ.

P. 36(a)(4). Plaintiff refuses to admit that he provided Gerald Champion Medical Center his cellular phone number, consent to receive telephone calls to his cellular phone, or that his only telephone is his cellular phone in his Responses to Creditwatch's Requests for Admission.  For these reasons, Creditwatch's Motion for Sanctions must be granted.

**B. The Court Must Award Expenses Because Plaintiff Cannot Meet his Burden to Show Otherwise.**

9.      The Court must award expenses unless (1) the request was objectionable, (2) the admission was not substantially important, (3) the responding party had a reasonable ground to believe it might prevail, or (4) there was good reason not to admit. Fed. R. Civ. P. 37(c)(2); *Marchand v. Mercy Med. Ctr.*, 22 F.3d at 936; *EEOC v. E.J. Sacco, Inc.*, 102 F.Supp.2d at 416-17.      First, Plaintiff cannot show the request was objectionable.  In order to object, the party must file objections within 30 days after service unless the parties stipulate or the court orders otherwise. *See* Fed. R. Civ. P. 36(a)(3); Fed. R. Civ. P. 29. Plaintiff failed to timely object to these requests, and even provided responses instead.  Plaintiff should not be allowed to then respond with objections after he has missed the 30 day deadline.  This is giving Plaintiff two bites at the apple to avoid answering the response accurately and truthfully.  Further, Plaintiff has not asked for a stipulation from Creditwatch or the court to allow his newly conceived objections. Plaintiff cannot untimely object to these responses and has thus refused to truthfully admit a proven fact.

10.     Second, Plaintiff cannot show the request was not substantially important.  The evidence that Plaintiff provided his number to Gerald Champion Regional Medical Center is evidence showing he consented to contact to his cell phone number 940-210-0311. This is directly relevant to Plaintiff's TCPA claims, Creditwatch's position that Plaintiff provided his cellular

phone number to Gerald Champion Regional Medical Center, thus providing the number to Creditwatch, and that the number given was the only phone number to reach Plaintiff with. Further, his signature evidences consent to the use of his personal information, including his cellular phone number. These admissions which are proven to be true are fatal to Plaintiffs' claims under the TCPA.

11.    Next, Plaintiff had no reasonable ground to believe it might prevail on this issue. Plaintiff did not make any objections to Requests for Admission No. 28 through 31, or Request for Admission 33.   Plaintiff also has no reasonable ground to believe it might prevail on its objection to Request for Admission No. 32.   Plaintiff initially answered the request, then amended his response with a groundless objection.  Plaintiff gave his cellular phone number 940-210-0311 to Gerald Champion Regional Medical Center, which was the only telephone number Plaintiff possessed as admitted in Request for Admission No. 37, and Plaintiff admitted to signing the Consent Form. *See* <u>Def. App.</u> at 34 (35:10-16).   Again, Plaintiff has no ground, reasonable or not, to prevail on an issue regarding these Requests for Admission.

12.    Last, Plaintiff cannot show any good reason not to admit these requests. Plaintiff was presented the Information Sheet and Consent Form for these requests.  When answering, Plaintiff could have seen his cellular phone number, his signature, his initials, recognized them, and could have properly responded to these requests.  Further, if Plaintiff had any type of objections to the requests, such as he did not remember, he was required to raise them at the time of response. Plaintiff failed to properly answer or properly object to these Requests for Admission.  On these grounds, Creditwatch moves for sanctions, for Plaintiff not admitting what was requested followed by Creditwatch proving the matter to be true.  The Court must award these sanctions because Plaintiff cannot meet any of the four (4) exceptions to the award. *See* Fed. R. Civ. P.

37(c)(2); *Marchand v. Mercy Med. Ctr.*, 22 F.3d at 936; *EEOC v. E.J. Sacco, Inc.*, 102 F.Supp.2d at 416-17.

## IV.

## CONCLUSION

13.     Plaintiff refuses to admit Creditwatch's Requests for Admission he has conclusively admitted in his deposition.   These admissions are critical to Plaintiff's TCPA claim and the defense against it.  Further, Plaintiff cannot show the requests were objectionable, the admissions were not substantially important, he had a reasonable ground to believe it might prevail, or that he good reason not to admit these requests.   Due to this, the Court must award expenses to Creditwatch.

WHEREFORE  PREMISES  CONSIDERED,  Defendant  Creditwatch  Services,  Ltd respectfully requests this Court to Grant its Motion for Sanctions and award expenses based on the discovery violations, and to award any other remedy at law or equity, justly entitled.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

\s\Robbie Malone
Robbie Malone
State Bar No. 12876450
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
(214) 346-2625 Phone
(214) 346-2631 Fax
Email: rmalone@rmalonelaw.com

*Attorney for Defendant*

## CERTIFICATE OF CONFERENCE

This is to certify that Defendant conferred with Plaintiff's counsel via telephone in regards to their responses to requests for admission and this motion. Plaintiff's counsel is opposed.


/s/Robbie Malone


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this 21 st day of February, 2012 to:

Dennis R. Kurz.
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002


/s/Robbie Malone

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
| Plaintiff | § | |
| | § | Case No. 4:11-cv-00493-RAS-DDB |
| vs. | § | |
| | § | Jury Trial Demanded |
| CREDITWATCH SERVICES, LTD., | § | |
| Defendant | § | |

## AMENDED COMPLAINT

### NATURE OF ACTION

1.    This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 ("TDCPA"), the Texas Business and Commerce Code, Subchapter E, Chapter 17, ("DTPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.    Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA, the DTPA and the TCPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3.    Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

Def. App. 0001

5.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6.      Plaintiff, Thomas E. Whatley III ("Plaintiff"), is a natural person residing in Denton County.

7.      Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8.      Defendant, CreditWatch Services, Ltd. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the

2

obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.    Plaintiff's alleged obligation was originally due to Gerald Champion Medical Center for alleged medical services received.

13.    Defendant uses instrumentalities of interstate commerce or the mails in a business of which the principal purpose is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14.    In connection with the collection of an alleged debt, Defendant contacted Plaintiff via cellular telephone call on March 21, 2011 at 4:07 P.M., and at such time, left a voicemail message in which Defendant failed to disclose its true corporate or business name and further failed to notify Plaintiff that the communication was from a debt collector.   (15 U.S.C. §§ 1692d(6), 1692e(11), Tex Fin Code §§ 392.304(a)(4), 392.304(a)(5)(B)).

15.    In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maria," communicated with Plaintiff via telephone call on March 23, 2011, and at such time, Defendant falsely represented that its "attorneys were hired to collect on [Plaintiff's alleged] balance."

16.    In response, Plaintiff inquired as to the name of the attorneys involved and further inquired as to whether there was "legal representation" against Plaintiff at the moment. Defendant responded by stating that the matter had not been sent to its legal

Def. App. 0003

department, and therefore, no attorneys were involved in the debt collection process.  (15 U.S.C. §§ 1692e(3), 1692e(10), Tex Fin Code §§ 392.304(a)(17), 392.304(a)(19)).

17.     In connection with the collection of an alleged debt, Defendant, via its agent and/or employee "Maria," communicated with Plaintiff via telephone call on March 23, 2011.

18.     During this March 23, 2011 telephone call, Plaintiff verbally demanded Defendant cease and desist all telephone calls to Plaintiff's cellular telephone.

19.     Despite Plaintiff's demand, Defendant's agent and/or employee, falsely represented to Plaintiff that a verbal request to cease and desist all calls made to Plaintiff's cellular telephone was insufficient and that the cease and desist request must be submitted in writing valid.

20.     However, a demand to cease and desist telephone calls to a person's cellular telephone may be made orally. *See Gutierrez v. Barclays Group*, 2011 WL 579238 at *4 (S.D. Cal.) (Although the TCPA does not expressly state whether prior express consent may be oral, the 1992 Report and Order strongly suggests that prior express consent need not be in writing. . . . absent language in the statute to the contrary, this Court agrees with Plaintiffs that prior express consent may be revoked orally and need not be in writing.)  (15 U.S.C. § 1692e(10), Tex Fin Code § 392.304(a)(19)).

21.     Despite Plaintiff's instruction that Defendant cease and desist calling Plaintiff's cellular telephone, Defendant continued to place non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or pre-recorded voice, including, but not limited

to, calls placed on March 22, 2011 at 12:45 PM, March 22, 2011 at 3:26 PM, March 22, 2011 at 5:06 PM, March 23, 2011 at 6:48 PM, March 23, 2011 at 9:19 AM, March 28, 2011 at 11:37 AM, March, 29, 2011 at 8:05 AM, March 31, at 6:58 PM, April 5, 2011 at 1:44 PM, April 5, 2011, at 4:57 PM, April 5, 2011 at 7:43 PM, April 6, 2011 at 11:15 AM, April 8, 2011 at 8:48 AM, April 8, 2011 at 11:49 AM, April 8, 2011 at 2:35 PM, April 11, 2011 at 1:44 p.m., April 11, 2011 at 4:51 PM, April 12, 2011 at 3:01 PM, April 13, 2011 at 9:22 AM, and April 13, 2011 at 1:10 PM (47 U.S.C. §227(b)(1)(A)(iii)).

22.    On or about March 31, 2011, Defendant left Plaintiff a voicemail collection call which failed to notify Plaintiff during each collection contact that the communication was from a debt collector (§ 1692e(11)).

23.    On April 4, 2011, Plaintiff's counsel send notice of representation to Defendant via certified mail.

24.    Defendant received the April 4, 2011 correspondence on April 8, 2011 at 10:44 AM, and thus had notice that Plaintiff was represented by an attorney.

25.    Despite the fact that Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, Defendant communicated with Plaintiff directly after learning that Plaintiff is being represented by counsel, including placing telephone calls to Plaintiff's cellular telephone on April 8, 2011 at 11:49 AM, April 8, 2011 at 2:35 PM, April 11, 2011 at 1:44 p.m., April 11, 2011 at 4:51 PM, April

Def. App. 0005

12, 2011 at 3:01 PM, April 13, 2011 at 9:22 AM, and April 13, 2011 at 1:10 PM. (§ 1692c(a)(2)).

26.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

27.    Plaintiff repeats and re-alleges each and every allegation contained above.

28.    Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated  the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

29.    Plaintiff repeats and re-alleges each and every allegation above.

6

30.    Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

a.  Failing to disclose clearly in a communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money. (Tex Fin Code § 392.304(a)(4));

b.  Failing to disclose, except in a formal pleading made in connection with a legal action, that the communication is from a debt collector, where such communication was a written or oral communication between Defendant and Plaintiff subsequent to the initial communication (Tex Fin Code § 392.304(a)(5)(B));

c.  Representing that Plaintiff's debt was being collected by an Attorney when it was not. (Tex Fin Code § 392.304(a)(17));

d.  Using false representations or deceptive means to collect a debt or obtain information concerning a consumer. (Tex Fin Code § 392.304(a)(19));

e.  Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the TDCPA;

b)  Awarding Plaintiff statutory damages pursuant to the TDCPA;

c)  Awarding Plaintiff actual damages pursuant to the TDCPA;

7

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

31.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

32.    A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act.  Tex. Fin. Code. Ann. § 392.404(a)

33.    Defendant violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

b) Awarding Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

c) Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h).

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

8

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV—TCPA

34.    Plaintiff repeats and re-alleges each and every allegation by reference herein all prior paragraphs above.

35.    Defendant's aforementioned conduct violated the TCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  47 U.S.C. § 227(b)(1)(A)(iii);

b)  Awarding  Plaintiff  statutory  damages,  pursuant  to  47  U.S.C.  § 227(b)(3)(B), in the amount of $500.00 per violation;

c)  Awarding  Plaintiff  statutory  damages,  pursuant  to  47  U.S.C.  § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)  Awarding  Plaintiff  reasonable  attorneys'  fees  ands  costs  incurred  in  this action;

a)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

36.    Plaintiff is entitled to and hereby demands a trial by jury.

9

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
Two Allen Center
1200 Smith Street
16th Floor
Houston, TX 77002
(888) 595-9111 ext. 412
(866) 565-1327 (fax)

## CERTIFICATE OF SERVICE

I certify that on September 9, 2011, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Sherman Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz

Def. App. 0010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

THOMAS E. WHATLEY III,            §
    PLAINTIFF,                    §
                                  §
V.                                §        CAUSE NO. 4:11-cv-00493-RAS-DDB
                                  §
CREDITWATCH SERVICES, LTD.,        §
    DEFENDANT.                    §

## AFFIDAVIT

**BEFORE ME**, the undersigned authority, on this day personally appeared _Scott Brandt_, known to me to be the person whose name is subscribed on this instrument and, having been first duly sworn, upon his oath deposes and states as follows:

1.   My name is _Scott Brandt_. I am the _Vice President of Operations_ for _Creditwatch Services LTD_ I am over the age of eighteen (18) years, have never been convicted of a felony or a misdemeanor of moral turpitude and am fully competent and qualified to make this Affidavit. I have personal knowledge of all of the facts set forth in this Affidavit and all facts and statements contained herein are true and correct of my own personal knowledge.

2.   I am custodian of records maintained at Creditwatch Services, Ltd. Attached hereto are two pages of records received from Gerald Champion Regional Medical Center regarding patient Thomas Whatley.

3.   These are records are incorporated by Creditwatch Services, Ltd. in the normal course of business.

4.   Creditwatch Services, Ltd. has adopted them and relied on them in the course of conducting business and were used for contact information on Thomas Whatley.

**Def. App. 0011**

5.      This document was kept  in the regular course of business, and it was the regular course

of our business, with knowledge of the act, event, condition or opinion to make the record

or to transmit information thereof to be included in this record; and the record was made

at or near the time or reasonably soon thereafter.

6.      The record attached hereto is the original or exact duplicate of the original.

Name: _Scott A. Brandt_____

Title: _Vice President of Operations_

SWORN TO AND SUBSCRIBED before me, a Notary Public, on this the 25th day of

_January_____, 2012.



Notary Public in and for the State of _Texas_

My Commission Expires:

_3/22/15_____

ANITA O. JOHNSON
MY COMMISSION EXPIRES
March 22, 2015

**Def. App. 0012**

## PLEASE COMPLETE ALL INFORMATION (PRINT CLEARLY)

*Thank you for your patience. We need to ensure that we have your information correct in our system.*

**\*PATIENT INFORMATION:**

Name: (Last, First, MI) Whatley, Thomas     Date of Birth: 9-24-52

Social Security # N/A     Family Dr: BHATT     Marital Status: Single

Address: 109 Massey St #54 Denton TX    Zip: 76205

Phone # _____    Cell Phone # 940-210-0311    Race: W

Religious Preference: Christian Retired: Yes or (No) if yes   Date of Retirement: _____

Employer: Self employed    Full or Part Time    Job Title: INSURANCE ADJUSTER

Employer Address & Phone # 109 MASSEY ST #54 Denton TX

Primary Insurance: NONE

Secondary Insurance: NONE

*PLEASE PROVIDE INSURANCE CARD OR MILITARY ID AT THE WINDOW*

**\*PERSON RESPONSIBLE FOR THE BILL:**

Name: Thomas WHATLEY    Relationship to Patient: _____

Date of Birth: Sept 24 52 Address & Phone # 109 MASSEY Denton TX

Employer Name & Address: Self Employed

**\*EMERGENCY CONTACT/SPOUSE/PARENT:**

Name: Lorriene Whatley    Relationship to Patient: daughter

Date of Birth: 1-28-80 Address & Phone # 940-595-4785

Name: _____    Relationship to Patient: _____

Date of Birth: _____ Address & Phone # _____

**\*ACCIDENT INFORMATION:**

Date of Accident: 3-19-10 Time: _____ Location of Accident: ½ TAMPICO

Brief Description of Accident: BUCKED OFF HORSE

Def. App. 0013



**Gerald Champion**
**Regional Medical Center**
The Evolution of Excellence

# HOSPITAL CONSENT FORM

2669 North Scenic Drive
Alamogordo, New Mexico 88310
(575) 439-6100

Patient Account Number: 16 652 885

Patient Name: Thomas Whatley    Date: 3-19-10   Date of Birth: 9-24-50

**RELEASE OF INFORMATION:** The hospital may disclose all or any part of the patient's record to any person or corporation which is or may be liable under a contract to the hospital for all or part of the hospital's charge, including, but not limited to, hospital or medical service companies, insurance companies, workers' compensation carriers, welfare funds, or the patient's employer.

**PERSONAL VALUABLES:** It is understood and agreed that the hospital maintains a safe for the safekeeping of money and valuables and hospital shall not be liable for the loss or damage to any personal property, unless deposited with the hospital for safekeeping.

**ASSIGNMENT OF INSURANCE BENEFITS:** In the event the undersigned is entitled to hospital benefits of any type whatsoever, and any Major Medical benefits which may apply, arising out of any policy and insurance insuring patient or any other party liable to patient, said benefits are hereby assigned to Hospital for application on patient's bill, and it is agreed that the hospital may receipt for any such payment and such payment shall discharge the insurance company of any and all obligations under the policy to the extent of such payment, the undersigned and/or patient being responsible for charges not covered by this assignment.

All physicians practicing at the hospital, including emergency room physicians, radiologists, pathologists, and anesthesiologists, are independent practitioners and are not agents or employees of the hospital. You will receive a separate bill for physician's services including emergency room physicians. I have the option to be seen by the Emergency Room physician or my primary care physician who must be an active member of GCMH Medical Staff.

_____ *Ow* _____ Please initial.

**PATIENT'S CERTIFICATION, AUTHORIZATION TO RELEASE INFORMATION, AND PAYMENT REQUEST:** I certify that the information given by me in applying for payment under Title XVIII of the Social Security Act is correct. I authorize any holder of medical or other information about me to release to the Social Security Administration or its intermediaries or carriers any information needed for this or a related Medicare claim. I request that payment of authorized benefits be made on my behalf.

**FINANCIAL AGREEMENT:** The undersigned agrees, whether he/she signs as agent, or as patient, that in consideration of the services to be rendered to the patient, he/she hereby individually obligates himself/herself to pay the account of the hospital in accordance with the regular rates and terms of the hospital. Should the account be referred to an attorney for collection, the undersigned shall pay reasonable attorney's fees and collection expense.

THE UNDERSIGNED CERTIFIES THAT HE/SHE HAS READ THE ABOVE FOREGOING, RECEIVING A COPY THEREOF, AND IS THE PATIENT, OR IS DULY AUTHORIZED BY THE PATIENT AS THE PATIENT'S GENERAL AGENT TO EXECUTE THE ABOVE AND ACCEPT ITS TERMS.

PATIENT UNABLE TO SIGN _____

PATIENT SIGNATURE OR LEGAL REPRESENTATIVE          RELATIONSHIP _____

WITNESS TO SIGNATURE _____

DATE 3-19-10 HOUR 14:22
TIME OF SIGNING

## AUTHORIZATION FOR MEDICAL AND/OR DIAGNOSTIC TREATMENT

I HEREBY AUTHORIZE ANY MEDICAL TREATMENT OR DIAGNOSTIC PROCEDURE AS PRESCRIBED BY MY ATTENDING PHYSICIAN DURING THIS HOSPITALIZATION.

PATIENT SIGNATURE _____    LEGAL REPRESENTATIVE _____    RELATIONSHIP _____

NAME OF ATTENDING PHYSICIAN _____

4500242 (Rev. 7/08)

WHITE - Chart Copy          CANARY - Patient Copy          **Def. App. 0014**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

THOMAS E. WHATLEY III,　　　§
Plaintiff,　　　　　　　　　　§
　　　　　　　　　　　　　　　§　　CASE NO. 4:11-cv-00493
vs.　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　§
CREDITWATCH SERVICES, LTD　§
Defendant .　　　　　　　　　§

## PLAINTIFF THOMAS E. WHATLEY III'S FIRST AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS

TO:  Defendant, Creditwatch Services, LTD, by and through its attorney of record, Robbie Malone and Jacob Boswell, 8750 N. Central Expwy., Ste. 1850, Dallas, Texas 75231.

Plaintiff, Thomas E. Whatley III serves these answers to Defendant, Creditwatch Services, LTD's Request for Admissions made under Federal Rule of Civil Procedure..

Respectfully submitted,
Weisberg & Meyers, LLC
5025 N. Central Avenue, No. 602
Phoenix, AZ 85012

By____*Dennis R. Kurz*_____
Dennis R. Kurz
State Bar No. 24068183
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument as delivered via certified mail, return receipt requested, to the following on January 6, 2011:

Robbie Malone, Esq.
Jacob Boswell, Esq.
Malone & Beene PLLC
8750 N. Central Expwy., Ste 1850
Dallas, TX 75231

By: *Dennis R. Kurz*
Dennis R. Kurz

## GENERAL OBJECTIONS

1.

Plaintiff, THOMAS E. WHATLEY III, objects to Defendant's First Set of Requests for Admissions to Plaintiff to the extent that they are vague, overbroad, and/or unduly burdensome.

2.

Plaintiff, THOMAS E. WHATLEY III, objects to Defendant's First Set of Requests for Admissions to Plaintiff to the extent that they seek information that is not relevant and/or not likely to lead to the discovery of admissible evidence.

3.

Plaintiff, THOMAS E. WHATLEY III, objects to Defendant's First Set of Requests for Admissions to Plaintiff to the extent that they seek information that is protected by the attorney-client, accountant-client, physician-patient, psychiatrist-patient, psychologist-patient, and any other privileges recognized under the laws of the State of Texas and any Federal Rules of Evidence.

4.

Plaintiff, THOMAS E. WHATLEY III, objects to Defendant's First Set of Requests for Admissions to Plaintiff to the extent that they seek information regarding materials prepared by or for Plaintiff or his representative in anticipation of litigation or for use at trial on the grounds that Defendant has not made the required showing for discovery of such work product material under the applicable Federal Rules of Evidence.

5.

Plaintiff, THOMAS E. WHATLEY III, objects to Defendant's First Set of Requests for Admissions to Plaintiff to the extent that they are calculated or would operate to annoy, embarrass, oppress, or cause unnecessary expense to Plaintiff.

6.

Plaintiff, THOMAS E. WHATLEY III, objects to Defendant's First Set of Requests for Admissions to Plaintiff in accordance with Federal Rule of Civil Procedure Number 26 and any applicable Local Rule applied by the District Court.

7.

Plaintiff, THOMAS E. WHATLEY III, objects to all instructions, directions and definitions contained in Defendant's First Set of Requests for Admissions to Plaintiff to the

extent they differ from the Federal Rules of Civil Procedure and any applicable Local Rule applied by the District Court.

## SPECIFIC RESPONSES

Subject to and without waiving the foregoing general objections which are specifically incorporated herein as if set forth fully verbatim in each of the following responses, Plaintiff, THOMAS E. WHATLEY III, responds to each of Defendant's First Set of Requests for Admissions to Plaintiff as follows:

## RESPONSES TO FIRST REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO.1:** Admit that you have no documented evidence of damages related to stress and/or mental anguish due to Defendant Creditwatch Services, Ltd's collection efforts.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.2:** Admit that you have no evidence of damages related to stress and/or mental anguish due to Defendant Creditwatch Services, Ltd's collection efforts.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.3:** Admit that you have not sought medical or psychiatric care or treatment as a result of symptoms of the stress and/or mental anguish.

**RESPONSE:** Admitted

**REQUEST FOR ADMISSION NO.4:** Admit you have no evidence that any agent, representative, and/or employee of Defendant Creditwatch Services, Ltd. harassed Plaintiff.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.5:** Admit you have no documented evidence that any agent, representative, and/or employee of Defendant Creditwatch Services, Ltd.. annoyed Plaintiff.

**RESPONSE:** Denied

Def. App. 0018

**REQUEST FOR ADMISSION NO.6:**  Admit you have no documented evidence that any agent, representative, and/or employee of Defendant Creditwatch Services, Ltd. abused Plaintiff.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.7:** Admit you have no evidence that any agent, representative, and/or employee of Defendant Creditwatch Services, Ltd. abused Plaintiff.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.8:**  Admit you have suffered no actual damage as the result of any act or omission committed by Defendant Creditwatch Services, Ltd.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.9:** Admit you have no documented evidence that you suffered actual damage as the result of any act or omission committed by Defendant Creditwatch Services, Ltd.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.10:**  Admit you have no evidence that any agent, representative, and/or employee of Defendant violated the Fair Debt Collection Practices Act, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.11:** Admit you have no documented evidence that any agent, representative, and/or employee of Defendant violated the Fair Debt Collection Practices Act, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.12:**  Admit you never disputed the debt to Creditwatch Services, Ltd. in writing.

**RESPONSE:** Admitted

**REQUEST FOR ADMISSION NO.13:** Admit you did not request in writing that Defendant Creditwatch Services, Ltd. validate the debt.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.14:** Admit that you owe the debt.

**RESPONSE:** Objection. Call for a legal conclusion. Plaintiff does not concede to any amounts claimed to be owed by ProCollect and therefore denies same.

**REQUEST FOR ADMISSION NO.15:** Admit that you did not dispute the debt in writing within the prescribed 30-day period.

**RESPONSE:** Admitted

**REQUEST FOR ADMISSION NO.16:** Admit that you did not send any written communications to Creditwatch Services, Ltd. prior to filing this lawsuit.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.17:** Admit that you are suing Creditwatch Services, Ltd. for the purpose of harassing Creditwatch Services, Ltd.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.18:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated § 1692d(6) of the FDCPA, by placing calls to the Plaintiff without disclosing the identity of the debt collection agency, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 19:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated § 1692e(11) of the FDCP A, by failing to notify Plaintiff that the communication was from a debt collector, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 20:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated TEX. FIN. CODE§ 392.304(a)(4), by failing to disclose clearing in communication with Plaintiff the name of the person to whom the debt has been assigned or is owed when making a demand for money, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 21:** Admit you have no evidence that any agent, representative, and/or employee of Defendant TEX. FIN. CODE § 392.304(a)(5)(B), by failing to disclose that the communication is from a debt collector where such communication was an oral communication between Defendant and Plaintiff subsequent to the initial communication, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 22:** Admit you have no evidence that any agent, representative, and/or employee of Defendant TEX. FIN. CODE § 392.304(a)(19), by using false representation or deceptive means to collect a debt or obtain information concerning a consumer, as alleged in Plaintiffs Original Petition.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 23:** Admit that you refuse to pay the debt referenced in Plaintiff's Original Petition.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO. 24:** Admit that you never wrote a letter to Defendant Creditwatch Services, Ltd. requesting that Defendant stop contacting you by telephone

**RESPONSE:** Admitted

**REQUEST FOR ADMISSION NO. 25:** Admit that you did not record telephone conversations between yourself and Defendant Creditwatch Services, Ltd's debt collector employees.

**RESPONSE:** Denied

**REQUEST FOR ADMISSION NO.26:** Admit you did not send in writing a cease and desist letter to Creditwatch Services, Ltd.

**RESPONSE:** Denied.


**REQUEST FOR ADMISSION NO.27:** Admit you have no evidence that any agent, representative, and/or employee of Defendant violated the Telephone Consumer Protection Act, as alleged in Plaintiff's Original Petition.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.28:** Admit that Exhibit "A" attached hereto was signed by Thomas Whatley.

**RESPONSE:** Plaintiff is without sufficient knowledge to admit or deny that the signature is his and therefore denies same.


**REQUEST FOR ADMISSION NO.29:** Admit that you provided your cellular phone number to Gerald Champion Regional Medical Center as a contact number for the account in question.

**RESPONSE:** Denied.


**REQUEST FOR ADMISSION NO.30:** Admit that you provided 920.210.0311 as your phone number to Gerald Champion Regional Medical Center as a contact number for the account in question.

**RESPONSE:** Denied.


**REQUEST FOR ADMISSION NO.31:** Admit that you provided cellular number 920.210.0311 to Gerald Champion Regional Medical Center.

**RESPONSE:** Denied.


**REQUEST FOR ADMISSION NO.32:** Admit that 920.210.0311 was the only number provided by Whatley to Gerald Champion Regional Medical Center.

**RESPONSE:** Objection. The Request for Admission relies on a false premise that Plaintiff provided the 920.201.0311 telephone number to Gerald Champion Regional Medical Center, which Plaintiff specifically denies. Thus, Plaintiff is unable to admit or deny the contents of this Request for Admission and therefore denies same.

**REQUEST FOR ADMISSION NO.33:** Admit that Gerald Champion Regional Medical Center had express consent to contact you on the cellular phone number that you provided them.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.34:** Admit that Defendant had express consent to contact you on the cellular phone number that you provided.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.35:** Admit that Defendant was not notified in writing that you did not wish to receive calls on this telephone number.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.36:** Admit that the number Defendant was dialing was not associated with a cellular phone.

**RESPONSE:** Denied


**REQUEST FOR ADMISSION NO.37:** Admit that the only telephone you have is a cellular phone.

**RESPONSE:** Admit

<u>REQUEST FOR ADMISSION NO.38:</u> Admit that you did not provide Defendant with an alternative phone number to be contacted on.

<u>RESPONSE</u>: Objection.   The Request for Admission relies on a false premise that Plaintiff provided Defendant with a telephone number, which Plaintiff specifically denies. Thus, Plaintiff is unable to admit or deny the contents of this Request for Admission and therefore denies same.

Respectfully submitted,
Weisberg & Meyers, LLC
5025 N. Central Avenue, No. 602
Phoenix, AZ 85012


By_____*Dennis R. Kurz*_____
        Dennis R. Kurz
        State Bar No. 24068183
        Attorney for Plaintiff

Def. App. 0024