IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III | § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | Case No. 4:11CV493 |
| CREDITWATCH SERVICES, LTD. | | |
| Defendant. | | |

### ORDER GRANTING IN PART DEFENDANT'S MOTIONS TO COMPEL

Now before the Court are two motions to compel filed by Defendant Creditwatch Services, Ltd. (Dkts. 14 & 26). The gist of the first motion (Dkt. 14) is that Plaintiff reviewed notes on a sheet of paper while in his deposition. Defendant provides a video of the deposition where it appears that, at times, Plaintiff was reading something, although the video does not show what was on the table. Plaintiff's counsel appeared by telephone, so only Plaintiff, Defendant's counsel and the court reporter were physically present during the deposition.

Near the end of the deposition, Defendant's counsel asked to review the notes that Plaintiff had been reading. Plaintiff's counsel argued that the notes were protected by the attorney-client privilege. It is not clear when the notes were taken. It appears that Plaintiff claims to have taken the notes based on his conversation with his counsel in his truck during the break in the deposition. Counsel for Defendant contends that Plaintiff referred to the notes throughout his deposition. Counsel for Defendant also requested the notes pursuant to a Request for Production. She states no response was sent by Plaintiff.

1

Both parties chose to ignore this District's provision for a discovery hotline conference when the dispute arose during the deposition, forcing the Court to go through the motion, reply, response and even review a recorded deposition. Because Plaintiff did not respond to the request for production, he has waived any objection.

The Motion to Compel (Dkt. 14) is GRANTED in part and, within ten (10) days of the date of this Order, Plaintiff shall tender to the Court for *in camera* inspection the materials he reviewed during the deposition, although it does appear that Plaintiff frequently looked at something which Ms. Malone characterizes as his notes. If the materials submitted fall within the scope of Federal Rule of Evidence 612 and are otherwise discoverable, the Court will order them produced to Defendant.

The Court also GRANTS Defendant's second motion to compel (Dkt. 37) to the extent responsive documents have not already been provided. As above, the Court finds that any objections were waived by failure to timely respond to the Requests. Within ten (10) days of the date of this Order, Plaintiff is ordered to produce responsive documents to Request for Production 32, 33 and 34. As noted above, the response to Request 35 shall be tendered *in camera* for the Court's inspection.

**SO ORDERED.**
**SIGNED this 29th day of March, 2012.**

　　　　　　　　　　　　　　　　　　_Don D. Bush_
　　　　　　　　　　　　　　　　　　DON D. BUSH
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE