IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV493 |
| | § | |
| CREDITWATCH SERVICES, LTD. | § | |
| | § | |
| Defendant. | § | |

## ORDER REGARDING PLAINTIFF'S RESPONSES TO REQUESTS FOR ADMISSIONS

Now before the Court is Defendant Creditwatch Services Ltd's' Motion to Challenge the Sufficiency of Plaintiff's Responses To Request for Admissions and Sanctions (Dkt. 25). The motion is DENIED without prejudice to refiling should the evidence later show Plaintiff's position is not as represented in his Response to Request for Admissions. Defendant's Requests for Admission attempt to have Plaintiff admit that his signature is on a hospital admissions form. The Requests also attempt to have Plaintiff admit that he provided a cell phone number to the hospital, which he denies. Most of Defendant's Requests deal with Plaintiff's denial of the underlying premise that he gave his cell number to the hospital.

His counsel states that some of the problem may stem from the fact that Plaintiff was bucked off a horse and cannot remember whether he signed the form. He only says that he *may* have. Defendant's position is that Plaintiff is just horsing around with counsel and not answering the Requests straight up in the saddle. This may be true. Should Defendant have to go through the proof necessary to show Plaintiff's signature and the facts surrounding the telephone number, the Court

1

will reign in the bit and consider appropriate sanctions – which may cost more than horse feed. On the other hand, Plaintiff may regain his memory and save all concerned the suspense of waiting to find out who actually provided the telephone number.

**SO ORDERED.**

**SIGNED this 29th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE