IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
| Plaintiff | § | |
| | § | Case No. 4:11-cv-00493-RAS-DDB |
| vs. | § | |
| | § | |
| CREDITWATCH SERVICES, LTD., | § | |
| Defendant | § | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiff, Thomas E. Whatley III ("Plaintiff"), by and through his counsel undersigned, hereby moves the Court for an order compelling Defendant, CreditWatch Services, Ltd. ("Defendant"), to respond, or to provide better answers, to Plaintiff's interrogatories, requests for production and requests for admission. In support thereof, Plaintiff respectfully states as follows:

**I.     INTRODUCTION.**

Plaintiff has properly propounded various discovery requests to Defendant in this matter. Defendant's responses have been inadequate or evasive. Defendant has refused to comply with many of Plaintiff's requests, offering unfounded objections.[1] The Federal Rules of Civil Procedure governing discovery provide that a party may move to compel discovery when confronted by an intransigent opposing party. Defendant's conduct is surprising in light of the

---

[1] Defense Counsel's storied history of overt discovery misconduct is worth noting. For example, in the matter of *Lee v. Credit Mgmt., LP*, CIV.A. G-10-538, the Southern District of Texas admonished Defense Counsel for changing deposition testimony after the close of discovery and for withholding relevant documents and attempting to introduce them after the close of discovery and after voluminous briefing on dispositive motions. In the matter of *Green v. I.C. System, Inc.*, Cause No. 2009-4059-4, the 170th District Court in and for McClennan County, Texas admonished Defense Counsel for abusing the discovery process, and noted that Defense Counsel was "sure trying hard not to give [Plaintiff's counsel] any information." This Court has already noted that Defense Counsel has made "much ado about nothing." (Doc. 49). Whether such tactics are merely an attempt to drive up defense costs is unclear. However, the prejudice that results to adverse parties such as Plaintiff is.

1

discovery-related motions it has filed in this case. Nonetheless, many of Defendant's responses to Plaintiff's discovery requests, particularly those that relate to Defendant's telephone dialing system, are so skeletal, inadequate and evasive that Plaintiff's ability to develop and move forward with his claims has been severely prejudiced. Plaintiff therefore moves for entry of an Order compelling supplemental responses to discovery.

## II.     BRIEF STATEMENT OF PROCEDURE.

On November 3, 2011, Plaintiff served Defendant with requests for admission, requests for production of documents, and interrogatories. (See Plaintiff's combined written discovery requests, attached hereto as Exhibit A). On or about December 6, 2011, Defendant served Plaintiff with its responses, certain of which were insufficient, evasive, and otherwise inadequate. (See Defendant's Responses and Objections, attached hereto as Exhibit B). On February 22, 2012, in effort to resolve any discovery dispute, Plaintiff's counsel sent correspondence to Defendant's counsel outlining which of Defendant's responses were insufficient and detailing the reasons why the information sought was relevant and an appropriate subject of a discovery request. (See Correspondence dated February 22, 2012, attached hereto as Exhibit C). On March 7, 2012, Defendant supplemented a few of its responses. (See Supplemental Responses to Plaintiff's Requests for Admission, attached hereto as Exhibit D). After entry of a protective order, Defendant supplemented a few more of its responses on or about March 30, 2012, which Plaintiff's counsel received only today. (See Second Supplemental Responses to Plaintiff's Discovery Requests, attached hereto as Exhibit E). Plaintiff's counsel attempted to reach Defendant's counsel by phone and email, but was unable to reach Defendant's counsel in order to confer on the discovery dispute. Many of Defendant's responses remain insufficient, necessitating the instant motion to compel.

**III.     STANDARD OF REVIEW**

As the Fifth Circuit has repeatedly instructed, "'[a] district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse.'" *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir.2001) (*quoting Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.2000)). The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006) ("[Rule] 37(a) [(3)(B)(iii) and (iv)] empowers the court to compel the production of documents ... upon motion by the party seeking discovery."). Materials and information are discoverable if they are "relevant to any party's claim or defense" or if they "appear[] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The term "relevant" has been construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case". *Oppenheimer Fund, Inc. v. Sanders* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978); s*ee also Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947). The purpose of discovery procedures are (1) to narrow the issues; (2) to obtain evidence for use at trial; and (3) to secure information as to the existence of evidence that may be used at trial. *Wood v. Todd Shipyards,* 45 F.R.D. 363, 365 (S.D. Tex. 1968); *Berry v. Haynes,* 41 F.R.D. 243 (S.D.Fla.1966); s*ee also*; 2A Barron & Holtzoff, § 641, at 10. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *Jones v. Commander, Kansas Army Ammunitions*

*Plant,* 147 F.R.D. 248, 250 (D. Kan. 1993); *see also Davis v. Marathon Oil Co.,* 528 F.2d 395, 404 (6th Cir. 1975), *cert. denied*, 429 U.S. 823 (1976).

Plaintiff is therefore entitled to discovery as to "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case [including] a variety of fact-oriented issues [which] may arise during litigation that are not related to the merits." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978);

If a party objects to a discovery request, that party has a "heavy burden of showing why the requested discovery should not be permitted." *Henderson v. Holiday CVS. LLC.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010). Nonetheless, if a party objects but still answers the request, the objection is waived. *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mutual Fire Ins. Co.*, 2011 WL 3841557, at *3 (M.D. Fla. 2011). "Even though the practice has become common here and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *Id.* Importantly, "[o]bjecting but answering subject to the objection is not one of the allowed choices under the Federal Rules." *Id.* at *2.

Where a party fails to answer a propounded Interrogatory or otherwise fails to respond to a discovery request, the opposing party may move the Court to compel an answer to said discovery requests. Fed. R. Civ. P. 37(a)(2)(B). Moreover, "evasive or incomplete" discovery responses are treated the same as failing to respond to a discovery request. *Id.* at 37(a)(2)(B).

IV. **DEFENDANT'S FAILURE TO ADEQUATELY RESPOND TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION WARRANTS ENTRY OF AN ORDER COMPELLING BETTER ANSWERS.**

Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or

4

otherwise on the subject matter of the action. *Treister v. PNC Bank*, 05-23207-CIV, 2007 WL 521935 (S.D. Fla. Feb. 15, 2007); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319 *2 (S.D.Fla. Nov. 1, 2001). To sustain an objection in opposition to a motion to compel, NAAS must therefore show that the requested discovery has no possible bearing on the claims and defenses in this case. *Treister v. PNC Bank*, 05-23207-CIV, 2007 WL 521935 (S.D. Fla. Feb. 15, 2007).

In this case, Plaintiff has asserted claims against Defendant under the Telephone Consumer Protection Act ("TCPA"), which provides, in relevant part:

> **(b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions.**
>
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \* \* \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).

Accordingly, Plaintiff has requested information and documents related to, among other things, Defendant's equipment, hardware, and software used to make telephone calls to Plaintiff's cellular telephone, Defendant's telephone service provider, and the telephone numbers used by Defendant to contact Plaintiff. (Exhibit "A" at 8-9, 16-17).

A.   **Plaintiff's Requests For Production Numbers 13, 20, 21, 27, 28, And 29.**

**REQUEST FOR PRODUCTION NO. 13:**
All collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendant(s) in the collection process.

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, unduly burdensome and because it seeks the production of documents which are irrelevant and not likely to lead to the discovery of admissible evidence. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 20:**
All documents relating to any contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiffs complaint.

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 21:**
All operation manuals, instruction manuals and similar documents, etc., utilized by Defendant including, but not limited to, those related to any and all software programs utilized by Defendant, relative to debt collection activities.

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 27:**
All documents relating to equipment that Defendant used to make telephone calls to Plaintiff's cellular telephone number (i.e. purchase orders, manuals, operational handbooks, instruction guides, warranties, insurance policies, opinion letters, advertising/marketing material).

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 28:**
All documents relating to software, software applications, software packages, software systems, and software programs that Defendant used to make telephone calls to Plaintiffs cellular telephone number (i.e. purchase orders, manuals, operational handbooks, instruction guides, warranties, insurance policies, opinion letters, advertising/marketing material).

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

**REQUEST FOR PRODUCTION NO. 29:**
All documents relating to hardware, computer systems, and other electronic or non-electronic devices that Defendant used to make telephone calls to Plaintiffs cellular telephone number (i.e. purchase orders, manuals, operational handbooks, instruction guides, warranties, insurance policies, opinion letters, advertising/marketing material).

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets.

(See Exhibit E at 18, 20, 22).

Each of Plaintiff's requests are reasonably calculated to lead to the discovery of admissible evidence. Information and documents related to Defendant's system used to make telephone calls to Plaintiff's cellular telephone is directly relevant to Plaintiff's TCPA claim. Specifically, Plaintiff must show that Defendant used an automatic telephone dialing system to place telephone calls to Plaintiff. The discovery requests are each tailored to determining information about Defendant's telephone system—whether they ask for instruction manuals or

other documents related to the software or hardware used by Defendant to place telephone calls to Plaintiff. Plaintiff's request for the contract in place between Defendant and its client is reasonably calculated to lead to the discovery of admissible evidence because the contract likely controls or directs Defendant's performance in collecting the debt, potentially including whether to use an automated dialer.[2]

As well, each of Defendant's objections are unfounded. First, the mere statement by a party that a request is overly broad, burdensome, oppressive and/or irrelevant is not adequate to voice a successful objection. *Vazquez-Fernandez v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 155 (D.P.R. 2010). Rather, the responding party demonstrates how discovery of the document is overly broad, burdensome, or oppressive, typically by submitting affidavits or offering evidence which reveals the nature of the burden. *Convertino v. U.S. Dep't of Justice,* 565 F. Supp. 2d 10, 14 (D.D.C. 2008). "Objections that state that a discovery request is 'vague, overly broad, or unduly burdensome' are, standing alone, meaningless and fail to comply with [the rules'] requirement that objections contain a statement of reasons." *Bank of Mongolia v. M & P Global Fin. Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) (citing *Pitts v. Francis,* 2008 WL 2229524, *2 (N.D. Fla. May 28, 2008). "A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Id.*

---

[2] It is noteworthy that counsel for Defendant represented another defendant in a recent case involving FDCPA and TCPA allegations where the court ordered a response to the very same request to be compelled. *Lee v. Credit Mgmt., LP*, CIV.A. G-10-538 (S.D. Tex. Sep. 23, 2011).

Any purported concerns of confidentiality or propriety are remedied by the protective order in place, yet Defendant has refused to produce the requested, relevant information. Instead, it stands on its boilerplate objections and frustrates the discovery process.

### B. Plaintiff's Interrogatory Numbers 12, 13, 16, And 19 Through 24.

**INTERROGATORY NO. 12:**
Identify all software, software applications, software packages, software systems, and software programs, as well as all hardware, computer systems, and other electronic or non-electronic devices, used in any manner by Defendant in connection with collection of the debt referenced in Plaintiff's complaint.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets. Defendant further objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1).

**INTERROGATORY NO. 13**:
Identify all telephone numbers utilized by Defendant to contact Plaintiff, or any third party, in connection with Defendant's attempt to collect the debt referenced in Plaintiff's complaint.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1).

**INTERROGATORY NO. 16:**
Identify all present contracts or agreements between Defendant and the creditor originating or owning the debt referenced in Plaintiff's complaint, and give the date of the initial contract or agreement with the creditor and identify the terms of the agreement between Defendant and the creditor pursuant to which Defendant sought to collect the debt referenced in Plaintiff's complaint.

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets. Defendant is withholding information related to its contracts or agreements. Additionally as written, Defendant objects to this

interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1).

**INTERROGATORY NO. 19:**
Identify all telephone, telegraph, cable, telecommunication, and electronic communication providers, suppliers, servicers, and carriers, utilized by Defendant in connection with collection of the debt referenced in Plaintiffs complaint.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1).

**INTERROGATORY NO. 20:**
Describe the manner in which Defendant initiated telephone calls to Plaintiff's cellular telephone number.

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request as this request assumes facts not in evidence, while seeking information which is confidential and proprietary and/or contains trade secrets. Additionally as written, Defendant objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1).

**INTERROGATORY NO. 21:**
Identify all software, software applications, software packages, software systems, and software programs used in any manner by Defendant in making telephone calls to Plaintiff's cellular telephone number.

**DEFENDANT'S RESPONSE:**
Defendant objects to request as vague, ambiguous, overly broad, unduly burdensome and assumes facts not in evidence. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets. Additionally as written, Defendant objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1).

**INTERROGATORY NO. 22:**
Identify all hardware, computer systems, and other electronic or non-electronic devices, used in any manner by Defendant in making telephone calls to Plaintiff's cellular telephone number.

>**DEFENDANT'S RESPONSE:**
>Defendant objects to request as vague, ambiguous, overly broad, unduly burdensome and assumes facts not in evidence. Defendant further objects to this request as seeking information which is confidential and proprietary and/or contains trade secrets. Additionally as written, Defendant objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1). Further this request assumes facts not in evidence.
>
>**INTERROGATORY NO. 23:**
>Identify Plaintiff's telephone numbers (i.e. residential, cellular, work) that you are, or have ever been in possession of, and describe the manner in which you obtained those telephone numbers.
>
>**DEFENDANT'S RESPONSE:**
>Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Additionally as written, Defendant objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1). Further this request assumes facts not in evidence.
>
>**INTERROGATORY NO. 24:**
>Describe the purpose for initiating each and every telephone call that Defendant made to Plaintiff.
>
>**DEFENDANT'S RESPONSE:**
>Defendant objects to request as vague, ambiguous, overly broad, and unduly burdensome. Additionally as written, Defendant objects to this interrogatory as it exceeds the number of interrogatories, pursuant to FRCP 33(a)(1). Further this request assumes facts not in evidence.

(See Exhibit E at 7-10).

Like Plaintiff's requests for production, these interrogatories are critically relevant to Plaintiff's TCPA claim. Plaintiff is entitled to discover information to support his claim that Defendant used an automatic telephone dialing system, and questions regarding that system are proper. Questions regarding the telephone numbers used by Defendant to contact Plaintiff, Defendant's telephone service provider, the telephone numbers for Plaintiff that Defendant possesses, and the purpose for which Defendant called Plaintiff are all relevant and seek discoverable information. The purpose for which Defendant called Plaintiff is relevant as the

TCPA exempts from its scope phone calls made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

Instead of answering the interrogatories, Defendant again relies on boilerplate objections, without any explanation as to how the objections apply, as explained above. As well, it is entirely unclear how Plaintiff exceeded the number of interrogatories permitted by Rule 33 at number 12, when the Rule provides for 25 interrogatories. Fed. R. Civ. P. 33(a)(1). Defendant should not be permitted to evade answering these reasonable discovery requests.

### C. Plaintiff's Requests For Admission Number 15 Through 24.

As evidenced by the case law cited in Defendant's motion challenging the sufficiency of Plaintiff's responses to Defendant's requests for admission, Defendant is well aware of the standard governing requests for admission. (See Doc. 25 at 2). Pursuant to Rule 36(a)(6), Plaintiff must now move the Court to determine the sufficiency of Defendant's responses.

> **REQUEST FOR ADMISSION NO. 15:**
> Defendant used equipment to make a telephone call to Plaintiff's cellular telephone number, which has the capacity (1) to store or produce telephone numbers to be called, using a random or sequential number generator, and (2) to dial such numbers.
>
> **DEFENDANT'S RESPONSE:**
> Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Further, Plaintiff has not alleged claims under the TCPA, therefore this request for admissions related to this issue are irrelevant. Subject to and without waiving said objections, denied.
>
> **REQUEST FOR ADMISSION NO. 16:**
> Defendant did not have Plaintiff's prior express consent to make telephone calls to Plaintiff's cellular telephone number.
>
> **DEFENDANT'S RESPONSE:**
> Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Subject to and without waiving said objections, denied.

**REQUEST FOR ADMISSION NO. 17:**
The telephone calls that Defendant made to Plaintiff's cellular telephone number were not made for emergency purposes.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Further, Plaintiff has not alleged claims under the TCPA, therefore this request for admissions related to this issue are irrelevant. Subject to and without waiving said objections, admit.

**REQUEST FOR ADMISSION NO. 18:**
In making a telephone call(s) to Plaintiff's cellular telephone number Defendant acted voluntarily and under its own free will.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Defendant further objects to this request as vague, overly broad and fails to define terms. Also this request for admission assumes facts not in evidence. Finally this request is nonsensical. Subject to and without waiving, denied.

**REQUEST FOR ADMISSION NO. 19:**
Defendant used equipment to make a telephone call to Plaintiff's cellular telephone number, which has the capacity to dial numbers without human intervention, such as a predictive dialer.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Defendant further objects to this phrase "cellular telephone number" as undefined. Further this request is vague, ambiguous, and fails to define predictive dialer. It is also an improper statement of the law. Subject to and without waiving said objections, Defendant attempted to contact Plaintiff at 940.210.0311, which is number provided by Plaintiff to Defendant's client.

**REQUEST FOR ADMISSION NO. 20:**
Defendant used an artificial or prerecorded voice to deliver a voice mail or voice message to Plaintiff's cellular telephone number.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Defendant further objects to this phrase "cellular telephone number" as

undefined. Subject to and without waiving said objections, Defendant attempted to contact Plaintiff at 940.210.0311, which is number provided by Plaintiff to Defendant's client.

**REQUEST FOR ADMISSION NO. 21:** The recording submitted by Defendant in its initial Rule 26 disclosures truly and accurately represents the conversation that took place between Plaintiff and Defendant's agent "Maria" on March 23, 2011.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Subject to and without waiving said objections, the recording speaks for itself.

**REQUEST FOR ADMISSION NO. 22:**
Defendant placed at least 15 calls to Plaintiff's cellular telephone number after March 23, 2011.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request on the ground that it is an improper request. A party may not ask another party to admit a proposition of law. Defendant further objects to this phrase "cellular telephone number" as undefined. Subject to and without waiving said objections, Defendant attempted to contact Plaintiff at 940.210.0311, which is number provided by Plaintiff to Defendant's client.

**REQUEST FOR ADMISSION NO. 23:**
Defendant received correspondence dated April 4, 2011 from Plaintiff's counsel on April 8, 2011 at 10:44 AM.

**DEFENDANT'S RESPONSE:**
Defendant admits that it received correspondence, however is with insufficient information to admit or when correspondence was received.

**REQUEST FOR ADMISSION NO. 24:**
Defendant made no attempt to contact Plaintiff's counsel prior to contacting Plaintiff on April 8 through April 13, 2011.

**DEFENDANT'S RESPONSE:**
Defendant objects to this request as it seeks to invade the attorney/client privilege and/or the attorney work product privilege. Defendant/Counter Plaintiff further objects to the extent the request seeks investigative information prepared for anticipation of litigation.

(See Exhibit D at 5-7).

As described in Plaintiff's February 22, 2012 correspondence to Defendant, (Exhibit C at 7-9), the requests for admission are relevant to Plaintiff's FDCPA and TCPA claims, and while Defendant understands the requests, it refuses to admit or deny many, and instead relies on improper, boilerplate objections. Pursuant to Rule 36(a)(6), the Court should deem these requests admitted, or order Defendant to submit amended responses without any improper objections.

## V. CONCLUSION.

The Court should grant Plaintiff's Motion to Compel Discovery so that Plaintiff may adequately prepare and present his case, including by preparing and filing a dispositive motion. The information sought in the above-referenced requests is relevant to the issues at hand. The requests were properly propounded. Defendant cannot reasonably object to basic discovery requests designed to elicit core information relevant to Plaintiff's claims. Defendant has not provided a valid reason for its refusal to provide the documents and information requested. *HBN, Inc. v. Kline*, 2009 WL 615836 (D. Colo. Mar. 5, 2009) ("[I]t is the non-moving party's burden to show why a discovery request is objectionable."). As a result, Defendant must be compelled to supplement its responses to Plaintiff's Requests for Production numbers 13, 20, 21, 27, 28, and 29, Interrogatory numbers 12, 13, 16, and 19 through 24, and Requests for Admission numbers 15 though 24.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order compelling Defendant to produce all outstanding responsive documents and information addressed herein, and granting any further relief that this Court deems just and proper.

Dated: March 26, 2012                                    Respectfully submitted,

By: /s/Noah D. Radbil
Noah D. Radbil

Texas Bar No. 24071015
noah.radbil@attorneysforconsumers.com
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, Sixteenth Floor
Houston, Texas 77002
Telephone: (888) 595-9111
Facsimile: (866) 317-2674

*Attorneys for Plaintiff*
THOMAS E. WHATLEY, III

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2012, the foregoing document was electronically filed with the clerk of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court, which will send notification of such filing to:

Robbie Malone
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231

By: /s/Noah D. Radbil
Noah D. Radbil

## CERTIFICATE OF CONFERENCE

Plaintiff's counsel attempted to confer with Defendant's counsel other than via its February 22, 2012 correspondence attached to this motion, but also attempted to place several phone calls and emails to Defendant's counsel, Ms. Robbie Malone, on April 4, 2012. However, Plaintiff's counsel was unable to reach Defendant's counsel despite multiple attempts. Upon information and belief, Defendant opposes this motion, however Plaintiff's counsel will continue to attempt to reach Defendant's counsel and will timely supplement this certificate of conference, and/or will withdraw some or all of this motion as may be necessary.

/s/ Noah D. Radbil
Noah D. Radbil