IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV493 |
| | § | |
| CREDITWATCH SERVICES, LTD. | § | |
| | § | |
| Defendant. | § | |

REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE

Defendant Creditwatch Services, LTD. has filed a Motion to Dismiss pursuant to Federal rules of Civil Procedure 12(b)(1) and 68 (Dkt. 19). The gist of the motion is that Creditwatch has made an offer of judgment to settle Plaintiff's claim for statutory damages of $1,000 and there is nothing left of Plaintiff's case. Plaintiff contends that the offer does not satisfy all Plaintiff's claims, and in any event, did not comport with Rule 68. There is no dispute that the offer of judgment was not accepted.

Plaintiff has attached a letter which was sent by fax referencing the Offer of Judgment. The Offer of Judgment is attached to Defendant's Motion to Dismiss. The Offer references damages of $1,000 and attorney's fees as agreed by the parties or determined by the Court. No mention is made of costs incurred. Under Article III of the U.S. Constitution, a federal court may adjudicate only "cases" or "controversies." U.S. Const. Art. III, § 2; *see Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S. Ct. 2197, 45 L. Ed.2d 343 (1975). "Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency,* 533 F.3d 258, 264 (5th Cir. 2008). Thus, "[i]f a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org.*

*v. City of Dallas,* 529 F.3d 519, 525 (5th Cir. 2008).  A case becomes moot when "'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation."  *Id.* at 527 (quoting *Scruggs v. Lowman (In re Scruggs),* 392 F.3d 124, 128 (5th Cir. 2004) (per curiam)).

There was no offer to pay costs as required.  Costs are not attorney fees.  *See Basha v. Mitsubishi Motor Credit of America, Inc.*, 336 F.3d 451 (5th Cir. 2003).  The Court need not discuss the other deficiencies raised by Plaintiff in that Defendant did not comply with the statute and there was no valid offer of judgment.

## RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant Creditwatch Services, LTD's Motion to Dismiss (Dkt. 19) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  *Thomas v. Arn,* 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen,* 857 F.2d 274, 276–77 (5th Cir. 1988).

**SIGNED this 10th day of May, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE