IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:11CV493 |
| | § | |
| CREDITWATCH SERVICES, LTD. | § | |
| | § | |
| Defendant. | § | |

ORDER AND REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE

This is a suit under the Federal Debt Collection Act brought by Plaintiff Thomas Whatley against the defendant Creditwatch Services, Ltd. under 15 U.S.C. Section 1692, *et. seq*. Whatley was injured when he fell from a horse. He went to a hospital for treatment in New Mexico and incurred a bill in an amount in excess of $8,000. When Whatley stopped making payments on his account, the account was referred to Creditwatch for collection.

Both parties have filed Motions for Summary Judgment (Dkts. 18 & 61). Plaintiff has also filed a motion seeking leave to file a summary judgment response in excess of the page limits. Plaintiff's Motion for Leave to Exceed Page Limitations (Dkt. 27) is GRANTED and the Court has considered the entirety of Plaintiff's summary judgment response in its findings herein. Further, as set forth below, the Court finds that the motions should be GRANTED in part and DENIED in part.

Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Brumfield v. Hollins,* 551 F.3d 322, 326 (5th Cir. 2008). The moving

1

party must demonstrate the absence of a genuine issue of material fact, but it does not need to negate the elements of the nonmovant's case. *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Id.* The nonmovant's burden is not satisfied through a mere showing of "some metaphysical doubt as to the material facts" or by "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Id.* (internal quotation marks and citation omitted). All facts and inferences are construed in the light most favorable to the nonmoving party. *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010).

## Telephone Consumer Protection Act

Defendant Creditwatch moves for summary judgment on Plaintiff's claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227. The Supreme Court has recently held that federal courts have jurisdiction to hear a private right cause of action under the Act. *See Mims v. Arrow Financial Servs., LLC*, __ U.S. __, 132 S. Ct. 740, 181 L. Ed.2d 881 (2012). Therefore, Defendant's argument that there is no federal jurisdiction is overruled.

In addition, the Court finds that there is a fact issue on whether Plaintiff gave his consent to be contacted by "robo" calls. The hospital admission form which asks for his phone number makes no reference that his account, if unpaid, may be referred to a collection agency. The only mention of collection is that he may be liable for attorney fees if the account is referred to an attorney. A collection agency is not an attorney.

Whatley contends he did not furnish his number to the hospital. Creditwatch responds "then how else could the creditor receive it?" In any event, there is a fact issue for the jury to determine

2

whether consent was given. *See Lee v. Credit Mgmt., LP*, __ F. Supp. 2d. __, 2012 WL 113793 (S.D. Tex. 2012). Therefore, summary judgment should be DENIED as to both parties.

**15 U.S.C. Section 1692d(6)**

Creditwatch contends it did not violate 15 U.S.C. § 1692d(6). That statute requires that in the placement of calls there must be a meaningful disclosure of the caller's identity. According to the evidence before the Court, the pre-recorded call was placed on several occasions as follows:

> Hello, We have an important message for Thomas Whatley. This is not a sales or marketing call. This is an urgent matter for Thomas Whatley that requires your immediate attention. Please contact us at 866-609-4094 then provide the phone number we called so we can identify your account. Thank you.

Defendant maintains that the identification requirement pertains to actual telephone calls, not pre-recorded messages. The Court disagrees.

As a general rule, unless exempted under Section 1692(b), a debt collector may not *place* a telephone call without meaningful disclosure of the caller's identity. See 15 U.S.C. § 1692d(6) (prohibiting "the placement of telephone calls without meaningful disclosure of the caller's identity"). Notwithstanding Creditwatch's reliance on a FCC advisory opinion from the 1970s, most courts have consistently held that the statute applies to automated messages. *Versteeg v. Bennett, Deloney & Noyes*, P.C., 775 F. Supp. 2d 1316 (D. Wyo. 2011); *Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301,1304 (D. Colo. 2011); *Torres v. ProCollect, Inc.*, __ F. Supp.2d __, 2012 WL 1969280 (D. Colo. 2012). What is proscribed under this statute is conduct, not necessarily communications, although both may very well overlap.

In his complaint and response to Defendant's Motion, Whatley alleges that Creditwatch left messages that failed to meaningfully disclose the identity of the caller. Since the FDCPA is a

remedial statute, it should be construed liberally in favor of the consumer. *See Johnson v. Riddle*, 305 F.3d 1107,1117 (10th Cir. 2002). Section 1692d(6) provides that placement of telephone calls without meaningful disclosure of the caller's identity is prohibited and a violation of the Act. Here, the call seeks to have Whatley return the call and give his telephone number so that his **account** can be identified. This was a collection call for a debt. *See* Exhibit A/147. There was no disclosure of the identity of the caller or that it was coming from a debt collection agency. Creditwatch violated the FDCPA and summary judgment should be GRANTED for Whatley on his claims under 15 U.S.C. § 1692d(6).

## 15 U.S.C. Section 1692e(11)

Likewise, the Court finds that Creditwatch is not entitled to summary judgment on Plaintiff's claim under 15 U.S.C. § 1692e(11) but that Plaintiff is entitled to summary judgment. That section makes it a false, misleading or deceptive representation when a debt collector fails to disclose in an initial oral communication with the consumer that the debt collector is attempting to collect a debt and that any information will be used for that purpose. In line with *Ramirez v. Apex Financial Management LLC*, 567, F.Supp. 2d 1035 (N.D. Ill. 2008), the Court finds that communications, whether direct or indirect, which do not disclose that the collector is attempting to collect a debt amount to false, misleading or deceptive representations proscribed by the FDCPA. Voice messages are communications under the FDCPA, irrespective of whether a debt is mentioned. *See Horkey v. JVDB & Assoc. Inc*. 333 F.3d 769,774 (7th Cir. 2003). *See also Foti v. NCO Fin. Sys.*, 424 F. Supp.2d 643, 659 (S.D.N.Y. 2006); *Edwards v. Niagra Credit Solutions, Inc.*, 586 F.Supp. 2d 1346,1350-51 (N.D. Ga. 2008). What other reason for the phone call can be

given other than to attempt to collect a debt? Here the word "account" is used, which implies that there is an underlying debt. Summary Judgment should be GRANTED for Whatley as to his claims under 15 U.S.C. § 1692e(11).

### 15 U.S.C. Section 1692e(3)

Plaintiff also alleges that Creditwatch violated Section 1692e(3) of the FDCPA which prohibits "(t)he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Similarly, Section 392.304(a)(17) of the TDCA prohibits a debt collector from "representing that a consumer debt is being collected by an attorney if it is not." TEX. FIN. CODE § 392.304(a )(17). Creditwatch claims that Whatley's pleadings cause this claim to fail in that Creditwatch's employee, after being questioned, acknowledges that the matter has not been referred to an attorney. However, the full conversation as set forth by Whatley notes that at the end of the conversation the employee states that she is not saying that the matter has been submitted to "our legal department." "I'm just letting you know **we** were hired as a group...Okay?" Summary judgment for Creditwatch as to this claim should be DENIED. The Court finds that whether Creditwatch's employee represented that the debt was being collected by an attorney is a fact issue.

### Defense of Bona Fide Error

As to whether Creditwatch should avail itself of the bona fide error defense in contacting Whatley after receiving notice of representation and a request to cease and desist, the Court has reviewed the arguments of counsel, as well as the evidence, and finds that there is a triable issue of fact and summary judgment is not appropriate. 15 U.S.C. § 1692c(a)(2); 15 U.S.C. § 1692e(10);

5

and 15 U.S.C. § 1692c(a)(2).

## Texas Debt Collection Act and DTPA

As for violations of the Texas Debt Collection Act, the Court finds that there is a fact issue except as to a violation of Tex. Fin. Code § 392.304(a)(5)(b). Since, under the federal statute, Creditwatch failed to disclose communications were from a debt collector, such is also a violation of the TDCA. Although a violation of the TDCA is a violation of the Texas Deceptive Trade Practices Act, the Court finds that there is still a fact issue as to reliance and damages. Summary judgement should be DENIED. *See Hare v. Hosto and Buchan*, PLLC, 774 F.Supp. 2d 849 (S.D.Tex. 2011).

Creditwatch also claims that it is entitled to summary judgment on Whatley's damage claim. The Court, in reviewing the record and the cases submitted by the parties, finds that there is a fact issue for the jury to resolve on this issue. Statements of the afflicted party can in some cases be sufficient to support a mental anguish claim. *See South Tex. Freightliner, Inc. v. Muniz*, 288 S.W.3d 123,135 (Tex.App. - Corpus Christi, 2009, no pet.).

Summary judgment should be GRANTED for Creditwatch as to Plaintiff's claim under Tex. Fin. Code Section 392.304(a)(4) which he has abandoned in his brief. *See* Dkt. 23, page 30, n.5.

Therefore, summary judgment should be granted on Plaintiff's claims under 15 U.S.C. § 1692e(d)(6), failure to provide meaningful disclosure; and 15 U.S.C. 1692e(11), failing to disclose debt collector, and violation of Tex. Fin. Code §§ 392.304(a)(5)(B). Summary judgment should be GRANTED to Creditwatch on Plaintiff's claims under Tex. Fin. Code § 392.304(a)(4). All other issues should be reserved for the trier of fact, including whether Plaintiff gave consent under the

Telephone Consumer Protection Act to be contacted.

## **RECOMMENDATION**

Therefore, the Court GRANTS Plaintiff's Motion for Leave to Exceed Page Limitations (Dkt. 27) and recommends that Defendant Creditwatch Services, Ltd.'s Motion for Summary Judgment (Dkt. 18) be GRANTED in part as to Tex. Fin. Code Section 392.304(a)(4) and DENIED as to the remainder of Plaintiff's claims and that Plaintiff's Motion for Summary Judgment (Dkt. 61) be GRANTED in part as to Plaintiff's claims under 15 U.S.C. §§ 1692d(6) and 1692e(11) and for violation of Tex. Fin. Code §§ 392.304(a)(5)(B) and DENIED as to the remainder of Plaintiff's claims.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L. Ed. 2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE