IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elight Sanders, | ) |
| Plaintiff, | ) CIV 10-01739 PHX MEA |
| v. | ) ORDER |
| Vohwinkel Sullo & Associates, LLC dba RoVo & Associates, North American Asset Services, LLC dba Frontier Financial Group, Rory Vohwinkel, Martin Mazzara, Salvatore Mazzara, | ) |
| Defendants. | ) |

All of the parties to this matter have consented to the exercise of Magistrate Judge jurisdiction, including the entry of final judgment.

Plaintiff filed the initial complaint on August 16, 2010, alleging Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). On January 24, 2012, Plaintiff accepted an offer of judgment in this matter for $1,001.00, plus costs and attorney's fees in an amount to be determined by the Court on Plaintiff's motion.

On February 8, 2012, Plaintiff filed a motion seeking an award of attorney's fees and a bill of costs, citing Rule 54, Federal Rules of Civil Procedure and Rule 54.2(b), Local Rules of Civil Procedure for the United States District Court for the District of Arizona. See Doc. 66 & Doc. 67. Defendants filed an objection to the motion on February 17, 2012, see Doc. 68, and Plaintiff filed a reply (Doc. 69) on February 23, 2012. Plaintiff seeks "approximately $13,000 in fees." Plaintiff also seeks reimbursement for costs in the amount of $1,334.95.

In opposition, Defendants contend that the offer of judgment provided that the costs and attorney's fees to be awarded Plaintiff included only attorney's fees "accrued up to the date of the offer." Doc. 73 at 4. Defendants argue that, because the offer of judgment expressly and specifically denied liability and any damages, Plaintiff is prohibited from seeking an award of fees and costs pursuant to the FDCPA's provision for an award of attorney's fees and costs to a prevailing plaintiff. Defendants note that Plaintiff filed the motion for fees and costs and the bill of costs without any memorandum of points and authorities. Defendants also note that Plaintiff seeks costs for serving parties other than the Defendants.

In reply, Plaintiff concedes that he is not entitled to an award of fees incurred after the date of acceptance of the offer of judgment. See Doc. 74 at n.1.

The FDCPA contains a mandatory fee shifting provision, stating that successful plaintiffs are entitled to actual damages, statutory damages of up to $1,000, and "the costs of the action, together with a reasonable attorney's fee as

-2-

determined by the court...." 15 U.S.C. § 1692k(a)(3). <u>See also</u> <u>Camacho v. Bridgeport Fin., Inc.</u>, 523 F.3d 973, 978 (9th Cir. 2008). "Successful plaintiffs" are those who have obtained an award of statutory or actual damages. <u>See</u> <u>Dechert v. Cadle Co.</u>, 441 F.3d 474, 475 (7th Cir. 2006). A party who accepts an offer of judgment that does not specifically waive the party's right to collect attorney's fees may pursue attorney's fees. <u>Nusom v. Comh Woodburn, Inc.</u>, 122 F.3d 830, 833 (9th Cir. 1997).

Plaintiff seeks an award of fees in the amount of $14,087.50, representing 72.2 hours of legal work. <u>See</u> Doc. 71 at 9. Plaintiff has agreed that this amount must be diminished by the fees accrued after the offer of judgment was accepted, i.e., $1995.00.[1] The Court finds that the fees sought and the time expended are reasonable with regard to this particular case. Plaintiff also seeks costs in the amount of $1334.95.

Accordingly,

**IT IS ORDERED that** Plaintiff's motion (Doc. 67) seeking an award of attorneys' fees and costs is **granted**. Defendants shall pay to Plaintiff his attorneys' fees in the amount of $12,092.50 and costs in the amount of $1334.95.

DATED this 14th day of June, 2012.

_____
Mark E. Aspey
United States Magistrate Judge

---

[1] The Court arrived at this number by multiplying the hours itemized by each member of the subject legal team after the date of the offer of judgment by the hourly rate charged by each person.

-3-