IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE POWELL, | § | |
| | § | |
| Plaintiff, on behalf of herself | § | |
| and all others similarly situated, | § | |
| | § | CIVIL ACTION NO. 3:11-cv-0846-M |
| v. | § | |
| | § | |
| PROCOLLECT, INC., and | § | |
| BARRY CURTIS, individually, | § | |
| | § | |
| Defendants. | § | |

**FINAL ORDER AWARDING ATTORNEYS' FEES AND EXPENSES TO
SETTLEMENT CLASS COUNSEL**

Before the Court is the request of Weisberg & Meyers, LLC ("Settlement Class Counsel"), for the Court to approve, pursuant to the terms of the Stipulation and Agreement of Settlement, the payment to Settlement Class Counsel of thirty thousand dollars ($30,000) as compensation for reasonable and necessary attorneys' fees and expenses incurred in prosecuting and settling this litigation on behalf of Plaintiff and the Settlement Class. The Court grants Settlement Class Counsels' request and approves the payment of thirty thousand dollars ($30,000) to Settlement Class Counsel for the following reasons.

On January 27, 2012, the Court conditionally certified, for settlement purposes only, a class pursuant to Federal Rule of Civil Procedure 23(b)(1), and preliminarily approved the terms of the Stipulation and Agreement of Settlement ("Settlement") (Docket Entry #26).

On July 13, 2012, after adequate notice of the Settlement was provided to the Settlement Class, a final settlement hearing was held to (a) determine whether the terms of the Stipulation and Agreement of Settlement are fair, reasonable, adequate and in the best interests of the settlement class members, (b) whether final judgment should be entered, and (c) whether to

1

approve the amount of fees and expenses to be awarded to Settlement Class Counsel. (*See* Docket Entry #26 at 3). The Court has approved the terms of the Settlement by the related Final Order Approving Settlement; this Final Order Awarding Attorneys' Fees and Expenses to Settlement Class Counsel specifically approves the payment of thirty thousand dollars ($30,000) to Settlement Class Counsel under those terms.

      **NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Court hereby adopts and incorporates all of the findings contained in its Final Order Approving Settlement along with the meanings of all capitalized terms as defined by the Settlement (Docket Entry #20).

2. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedures, Settlement Class Counsel is hereby awarded the sum of thirty thousand dollar ($30,000), as compensation for reasonable attorneys' fees and necessary costs incurred in prosecuting this Action.

3. The Court appointed Settlement Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. (*See* Docket Entry #26). Plaintiff Tammie Powell ("Plaintiff") is the prevailing party under 15 U.S.C. § 1692k(a)(3), and an award of reasonable and necessary attorneys' fees and costs is mandatory under 15 U.S.C. § 1692k(a)(3). Fed. R. Civ. P. 23(h) provides further authorization for the requested award of thirty thousand dollars ($30,000), as expressly provided for and limited by the Settlement.

4. The Court used the lodestar method to evaluate reasonableness and necessity of Settlement Class Counsels' professional services and hourly rates (computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work). Having considered each of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir.1974), the Court finds reasonable the number of

hours worked and the average approximate hourly rate of two hundred fifty dollars ($250) at which Settlement Class Counsel performed such work.

5. The Court's review of Settlement Class Counsels' contemporaneous billing/time records is sufficient to determine the compensable hours, including only hours reasonably expended, and to discern any un-compensable hours. This and other evidence submitted by Settlement Class Counsel documents that 120.6 total hours of attorney, paralegal, law clerk, and legal assistant time, was expended over the course of vigorously representing the identical interests shared by Plaintiff and the Settlement Class in this Litigation. The Court finds not only that the total hours claimed are reasonable, but the hours were reasonably expended.

6. Settlement Class Counsel has demonstrated skill and quality of work by undertaking a concerted effort to obtain the maximum recovery possible for more than 70,000 Settlement class members. The Settlement provides tangible relief to each Settlement Class member calculated mathematically and accounting for each Settlement Class member's account status and balance. When aggregated, the total relief provided to the Settlement Class under the terms of the Settlement exceeds the maximum possible recovery under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by a considerable margin.

7. The quality of Settlement Class Counsels' work on this case was excellent and is reflected in the resulting Settlement obtained against a formidable opponent represented by counsel experienced in the defense of FDCPA class action litigation. Settlement Class Counsels' briefing and oral argument recounted the arms-length negotiation process and collaborative structure of the Settlement. The investments of time and resources reflected in the evidence before the Court were necessary. The work was efficiently performed. This Court therefore finds the total amount of hours expended by Settlement Class Counsel in this Litigation

fair and reasonable in consideration of the nature and importance of the professional services provided.

8. Settlement Class Counsel accounted for 120.6 total hours of attorney, paralegal, law clerk, and legal assistant time using hourly rates ranging from $100.00 to $400.00.[1] Based on Settlement Class Counsels' attorneys' fee brief and supporting evidence, and responsive answers to the Court's questioning, the Court finds that the average hourly rate of two hundred and fifty dollars ($250) is very reasonable relative to Settlement Class Counsels' significant experience, successful track records, and relative to the fees prevailing in the market for legal services of similar nature; namely, complex, multiparty, and representative consumer protection litigation. The declarations of Settlement Class Counsel, declarations of consumer-law experts, and the fee surveys and matrices also submitted by Settlement Class Counsel lend additional support to the Court's determination that the hours and rates of Settlement Class Counsel are objectively reasonable.

9. The Court has examined each of the twelve *Johnson* factors individually and finds each of the twelve factors subsumed within the calculation of the lodestar calculation in this specific case. *See Brantley v. Surles,* 804 F.2d 321, 325 (5th Cir.1986); *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir.), *cert. denied,* 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993). Neither the factors themselves or the totality of the circumstances in which they were considered warrants any adjustment to lodestar calculation.

10. Notably, Settlement Class Counsel has to date incurred thirty six thousand forty seven dollars ($36,047) in fees, plus one thousand thirty four dollars and fifty four cents

---

[1] (1) Attorneys' work at a rates ranging from $250.00 per hour to $400.00 per hour where 110.4 hours were incurred ($34405.00); (2) Paralegal work at a rate of $135.00 per hour where 5.2 hours were incurred ($702.00); (3) Law clerk work at a rate of $125.00 per hour where 7.2 hours were incurred ($900.00); and (4) Legal assistant work at a rate of $100.00 per hour where 0.4 hours were incurred ($40.00).

($1,034.54) in costs. To facilitate the Settlement however, Settlement Class Counsel agreed to limit their request for compensation to slightly less than 81% of those fees and costs actually incurred; namely, thirty thousand dollars ($30,000). (*See* Docket Entry #20). Reimbursing Settlement Class Counsels' successful representation of Plaintiff and the Settlement Class through payment of this sum will not whatsoever affect the remarkable result produced.

11. Based on the application for expenses and supporting documentation and lodestar calculation—and accounting for each of the twelve *Johnson* factors—the Court hereby approves and reasonable the sum of thirty thousand dollars ($30,000) to be paid as compensation to Settlement Class Counsel. Therefore, the Court Orders the payment to Settlement Class Counsel of sum of the thirty thousand dollars ($30,000) in accordance with and pursuant to the terms of the Stipulation and Agreement of Settlement contemporaneously approved by separate order.

**IT IS SO ORDERED.**

SIGNED: July 18, 2012.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2012, and respectfully submitted,

WEISBERG & MEYERS, LLC

By: /s/ Noah D. Radbil

Noah D. Radbil
Texas Bar No. 24071015
Dennis R. Kurz
Texas Bar No. 24068183
dkurz@attorneysforconsumers.com
Weisberg & Meyers, LLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
Telephone: (888) 595-9111
Facsimile: (866) 317-2674

*Attorneys for Plaintiff*
TAMMIE POWELL

Approved as to award of fees only:

KORN, BOWDICH & DIAZ, LLP

By: /s/ John W. Bowdich

John W. Bowdich
Texas Bar No. 00796233
jbowdich@kbdtexas.com
Korn, Bowdich & Diaz, LLP
4221 Avondale Ave.
Dallas, Texas 75219
Telephone: (214) 521-8800
Facsimile: (214) 521-8821

*Attorneys for Defendants*
PROCOLLECT, INC., and
BARRY CURTIS