UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 4:11-cv-00493-RAS-DDB |
| | § | |
| CREDITWATCH SERVICES, LTD., | § | |
|     DEFENDANT. | § | |

## CREDITWATCH SERVICES, LTD'S SUR-REPLY TO PLAINTIFF'S REPLY ON MOTION FOR ATTORNEYS' FEES

NOW COMES Defendant Creditwatch Services, Ltd. ("Creditwatch") and files its Sur-Reply to Plaintiff's Reply on Motion for Attorney's Fees and to show unto the Court as follows:

### I.
### COMPLIANCE WITH LOCAL RULES

1. "[A] party who has filed an opposed motion may serve and file a reply brief responding to the issues raised in the response within seven days from the date the response is served. Local Rule CV-6 (three days added to the prescribed period)." Local Rule CV-7(f). Plaintiff's reply was due July 25, 2013. This Reply was filed 205 days after the deadline. Plaintiff neither asked the Court for leave on this, nor conferred with Creditwatch's counsel.

### II.
### OBJECTIONS TO EXHIBITS

2. First, Creditwatch generally objects to each of Plaintiff's exhibits as they are untimely, and improperly before the Court as a part of a reply brief, to which Creditwatch is unable to provide a detailed and thorough response to each case. Many of these opinions, already released before Plaintiff's initial brief was filed, should have been attached at that time.

3. Next, Creditwatch objects to Plaintiff's Exhibits J, K, and L which are no more than unauthenticated hearsay and further irrelevant to the issues at hand. Exhibit J is allegedly list of

requested fees in cases with nothing to authenticate, to disclose the underlying authority it is based upon, or any basis for the amounts requested and awarded. Exhibit K and L is purported to be a BBB rating for Plaintiff's counsel and over 700 pages of thank you letters, which again, are both irrelevant to the issues at hand.

4.      Last, Creditwatch further objects to Plaintiff's Exhibit I, Mr. Meyers affidavit. He makes the blanket statements "[e]ach of these time entries truly and accurately reflects the services performed in this case by the identified employees" and "All of the requested time spent by the attorneys, paralegals, law clerks, and legal assistants in this case was reasonable and necessary." Doc. 149-9 at 1. For one, it is nearly impossible for Mr. Meyers to have personal knowledge that each of the time entries truly and accurately reflects the work performed by his employees as it was not him performing the work and not him making the time entries. Later in Plaintiff's brief, he states "Creditwatch "ignores the fact that Mr. Whatley's attorneys are qualified witnesses to attest to the time that each entered contemporaneously to the task being completed into the firm's computer database, Amicus Attorney." But Plaintiff and his attorneys fail to give any basis for declaring all requested time was "reasonable and necessary." In his Reply, he agrees to waive fees sought for possible duplicative and clerical work. Doc. 148 17-18. This is completely contradictory to claiming all requested time was reasonable and necessary. As such, Creditwatch requests this Court to strike all of Plaintiff's evidence to his Reply as untimely, unauthenticated, and hearsay.

### III.
### ARGUMENT AND AUTHORITIES

5.      Overall, Plaintiff offers cases to the Court where every case their attorney's fees were either uncontested or not relevant to the relevant community. Plaintiff's Exhibit A, an order from *Sanders v. Vohwinkel Sullo & Assocs., et. al*, Civ 10-01739 PHX MEA (June 14, 2012), reflects

nothing to show any evidence of Plaintiff's hourly rates claimed in the case or who the attorneys were that worked on the case. Plaintiff's Exhibit A at Doc. 149-1. Furthermore, the order is from a the District Court of Arizona, not the relevant district at hand, the Eastern District of Texas. *Id*.

6.	With Plaintiff's Exhibit B, an order from the case of *Jones v. Auto Warehouse, Inc.*, Civ. Action No. 12-cv-00712-BNB-KMT (June 24, 2013), he offers similar weightless evidence to the issues at hand. Plaintiff's Exhibit B at Doc. 149-2. The second line in the order states "The defendant **has not responded**." *Id*. at 1. (emphasis added).

7.	Next, Plaintiff offers Exhibit C, an order from *Rivera v. Love, Beal & Nixon, P.C. et al*, Civil No. SA-12-CA-506-PM (W.D. Tex. Oct. 25, 2013). This order however provides no support to Plaintiff's position. However, the court stated "[d]efendants **do not object to the hourly rates** nor have they produced any evidence to establish the rates of plaintiff's attorneys are unreasonable." Doc. 149-3 at 1 (emphasis added). Again, a case having no reasonable bearing at hand. This order includes an interesting footnote as well, stating "Plaintiff summarily states the requested fees are in line with the Laffey Matrix, without providing either the matrix or evidence establishing how plaintiff's attorneys' fees are "in line" with the matrix. *Id*. at 9 fn. 52. The opinion also states that "plaintiff argues defendants 'do not challenge the rates sought by [p]laintiff's counsel, nor do they challenge any specific time entries as unreasonable." *Id.* at 12. Thus, an opinion on unchallenged fee entries and hourly rates carries no weight here.

8.	Plaintiff's argument on Exhibit D, the memorandum order from *Szijjarto v. Kyle McCarrel, et al*, Civ. Action No. H-11-4226, (S.D. Tex. Feb. 2, 2014) contains the same fallacies. The order starts by clearly stating "[o]n August 30, 2013, the court entered the permanent injunction, dismissed the case with prejudice, and ordered plaintiffs' counsel to file a fee application with supporting records. The plaintiffs' counsel filed that application on

September 19, 2013. **The defendants have not objected.**" Plaintiff's Exhibit D at Doc. 149-4 at 1. This court also reduced Plaintiff's requested hourly rate of $135 for paralegals down to $110. *Id*. at 7.

9.   Plaintiff's Exhibit E falls right in line with Exhibit D. In *Sparks v. H&P Capital, Inc.*, Case No. 11-62145-Civ-DIMITROULEAS./SNOW (S.D. Fla. Sept. 12, 2012), the court stated "[p]laintiff points out that the Local Rules require a party who objects to the rates charged by counsel for the prevailing party to disclose its own fee rates, **which the Defendant has not done**." Plaintiff's Exhibit E at Doc. 149-4 at 3.

10.  Next, Plaintiff relies on the case of *Powell v. Pro Collect, Inc. et al*, Civ. Action No. 3:11-cv-0846-M (N.D. Tex. July 17, 2012). Exhibit F. This case offers little argument for Plaintiff's sought rates as well because it was a mere approval to the terms of a stipulation and agreement of settlement for a class action.

11.  Then, looking at Plaintiff's Exhibit G, *Smith v. National Credit Systems, Inc.*, Case No. CV-10-1026-TL (D Az. Mar. 12, 2012), it states "the relevant community for determining the hourly rate is the plaintiff bar in the District of Arizona." *Id.* at 5. Thus, it does not support a finding that Plaintiff's hourly rates are reasonable in the relevant community.

12.  Plaintiff follows Exhibit G with another case not applicable to the relevant community, Exhibit H, *Franks v. North Am. Asset Servs., LLC dba Frontier Fin. Grp*, Civ. Action No. 11-cv-02323-BND-KMT (Col. June 7, 2012). This case does not relate to the relevant community at hand for an award in the case at hand, but even more glaring, the courtroom minutes state "Court enters Order to Show Cause as to why Defendant should not be held in Contempt of Court for failing to appear." Doc. 149-8 at 1. This falls in line with Plaintiff's other exhibits where their hourly rates were never contested.

Bottom line – next to none of the cases Plaintiff relies upon bear any weight on a fee award in the case at hand. Majority of the cases are not from the relevant community and most defendants did not object to or contest the rates and fees sought by Plaintiff's counsel.

13. On the issue of segregation of claims where fees were recoverable versus not recoverable Plaintiff makes the argument that "a brief glance at the Statement of Services provided by Mr. Whatley confirms that many time entries spent solely on his TCPA claims have been waived and not included in the fee request." This is a fallacy because **ALL** of Plaintiff's fees spent on the TCPA must be waived and/or not awarded, not just "many time entries".

14. Finally, Meyers Declaration, Exhibit I, does nothing to establish the reasonableness or necessity of the hourly rates and total fees requested. The prevailing hourly rate is generally shown by evidence, usually in the form of affidavits from other attorneys, that the charged rate is in line with the market rate in the community. *Blum v. Stenson*, 465 U.S. 886, 895 & n.11 (1984). Plaintiff's firm is headquartered in Arizona and does not have an attorney regularly in an office in the relevant community, the Eastern District of Texas. Plaintiff offered no affidavit from any attorney from the relevant community. Thus, there is no basis to find their requested rates reasonable.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Creditwatch Services, Ltd. respectfully requests this Court only grant Plaintiff's Motion for Attorney's fees in part, and reduce the request accordingly to Creditwatch's Response.

Respectfully submitted,

**ROBBIE MALONE, PLLC**

/s/ Xerxes Martin
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
XERXES MARTIN
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
DREW JONES
State Bar No. 24083269
Email: djones@rmalonelaw.com
ROBBIE MALONE, P.L.L.C.
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANT*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via electronic filing on this 21st day of February, 2014 to:

Marshall Meyers
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, TX 77002

/s/ Xerxes Martin
XERXES MARTIN