IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:11-cv-493 |
| | § | |
| CREDITWATCH SERVICES, LTD., | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Pending before the court is Plaintiff's Motion for Attorney's Fees (Dkt. 133), Defendant's Response (Dkt. 138), Plaintiff's Reply (Dkt. 151), and Defendant's Sur-Reply (Dkt. 152). For the reasons set forth herein, Plaintiff's Motion (Dkt. 133) is **GRANTED IN PART**.

I.  **BACKGROUND**

Plaintiff, Thomas E. Whatley, III, filed his original complaint in this matter on August 8, 2011, alleging claims for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692), the Texas Debt Collection Act (TEX. FIN. CODE § 392), and the Texas Deceptive Trade Practices Act (TEX. BUS. & COM. CODE § 17.50). On September 9, 2011, Plaintiff filed an Amended Complaint (Dkt. 8) adding claims for violations of the Telephone Consumer Protection Act (47 U.S.C. § 227). The parties both filed motions for summary judgment. The United States Magistrate Judge recommended that summary judgment be granted in favor of Plaintiff for his claims under 15 U.S.C. §§ 1692d(6) and 1692e(11) and for violation of TEX. FIN. CODE § 392.304(a)(5)(B) and in favor of Defendant on Plaintiff claims under TEX. FIN. CODE § 392.304(a)(4) and denied on all remaining claims. This court held a jury trial on those remaining claims from May 28, 2013 until May 31, 2013. The jury found in favor of Plaintiff on his claims under the Telephone Consumer Protection Act and under the Fair Debt Collection Practices Act,

15 U.S.C. § 1692e(1) and 15 U.S.C. § 1692c(a)(2), but held that Plaintiff had not suffered any actual damages from Defendant's infractions.[1] The jury awarded statutory damages of $1,000.00 to Plaintiff for Defendant's violations of the FDCPA. The court separately considered the amount of damages to be awarded for violations of the TCPA and awarded $8,000 to Plaintiff for Defendant's sixteen violations of the TCPA.[2] Plaintiff now seeks to recover his attorneys' fees as permitted by the Fair Debt Collection Practices Act (FDCPA).

## II.  LEGAL STANDARD

"Under the FDCPA, a plaintiff in a 'successful action to enforce [FDCPA] liability' can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'"[3] In the Fifth Circuit, "attorney's fees . . . are only available where the plaintiff has succeeded in establishing that the defendant is liable for actual and/or additional damages."[4] In determining the amount of a reasonable attorney's fee, the court employs a two-step process. First, the court determines the "lodestar," which is the reasonable number of hours expended on a case multiplied by the reasonable hourly rates for the litigating attorneys.[5] It is a plaintiff's burden to show the reasonableness of the hours billed and to prove he exercised billing judgment. "Billing judgment requires documentation of the hours charged and of the hours

---

[1] At trial, Plaintiff's claims under the Texas Debt Collection Act and the Texas Deceptive Trade Practice Act were not submitted to the jury because the court granted Defendant's motion for judgment as a matter of law on those claims. Dkt. 145, Trial Tr. vol. 2, 510:6-511:2.
[2] The jury found that Defendant violated the TCPA sixteen times by calling Plaintiff's cell phone without consent using an automated telephone dialing system and seven times by using an artificial or prerecorded voice. Plaintiff sought damages for a total of sixteen violations. *See* Dkts. 127, 134 at 6.
[3] *Merrick v. Scott*, Civil Action No. 3:10-CV-2172-D, 2011 WL 1938188, at *1 (N.D. Tex. May 20, 2011) (citing 15 U.S.C. § 1692k(a)(3)).
[4] *Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996).
[5] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995).

written off as unproductive, excessive, or redundant."[6] When a plaintiff fails to include evidence of billing judgment, a court should reduce the fee award by a percentage accordingly.[7]

Second, the court determines whether the lodestar amount should be adjusted up or down by looking at the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[8] The most important factor in determining reasonableness of a fee "is the degree of success obtained."[9] "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'"[10] The burden to prove reasonableness of the requested fees lies with the party seeking the award.[11]

---

[6] *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).
[7] *Id.*
[8] *See Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 n. 17 (5th Cir. 1997).
[9] *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)).
[10] *Verginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (quoting *Hensley v. Echkerhart*, 461 U.S. 424, 436 (1983)).
[11] *Kellstrom*, 50 F.3d at 324.

### III. ANALYSIS

**A. Defendant's Objection to the Timeliness of Plaintiff's Reply**

Defendant asks the court not to consider Plaintiff's Reply (Dkt. 151) because it was filed 205 days after it was due. Generally, parties that have filed an opposed motion have seven days to file a reply brief after the opposing party has filed its response. E.D. TEX. CIV. R. CV-7(f). In this instance, when Defendant filed its Response (Dkt. 138), it also filed a Motion for Leave to exceed the page limits set by the local rules.[12] The court did not issue an order granting Defendant's motion for leave to file until February 10, 2014.[13] Local Rule CV-7(k) explains that when a motion for leave is granted, "[t]he time for filing any responsive documents shall run from the date of the order granting the motion for leave to file." Plaintiff's Reply (Dkt. 151) was filed eight days after the Order granting leave to exceed page limits was signed and is therefore timely.[14] Defendant's objection to the timeliness of Plaintiff's Reply is **OVERRULED**.

**B. Defendant's Objections to Plaintiff's Evidence**

    *1. Failure to Supplement*

Defendant objects that Plaintiff failed to supplement production of his counsel's billing records after April 2, 2012, and therefore, the court should not consider awarding any fees incurred after that date.[15] Plaintiff first responds that "billing records and costs are prepared in anticipation of litigation and indicate Plaintiff's theory and strategy in litigating this matter, and as such are protected by the work product doctrine."[16] Next, Plaintiff argues that "time records are not reasonably calculated to lead to the discovery of admissible evidence, and are not

---

[12] Dkt. 140.
[13] Dkt. 148.
[14] See E.D. TEX. CIV. R. CV-6, CV-7.
[15] Dkt. 138 ¶ 10.
[16] Dkt. 151 at 19.

discoverable."[17] Finally, Plaintiff contends that "attorneys' fees did not become an issue until [Plaintiff] prevailed under the FDCPA" and "were neither material nor necessary at an earlier stage of the litigation."[18]

Defendant cannot reasonably argue that it is surprised that between April 2, 2013, and June 21, 2013, that Plaintiff incurred additional attorney's fees because Plaintiff did not supplement his billing records.[19] During that time, the parties prepared for and participated in a four-day jury trial. Defendant was aware that if Plaintiff succeeded on his FDCPA claims at trial, it would be liable for attorney's fees. Indeed, Defendant was already aware by April 2, 2013 that summary judgment had been granted in favor of Plaintiff on two of his FDCPA claims, subjecting Defendant to liability for Plaintiffs' reasonable attorney's fees related to those claims. Defendant's objection to Plaintiff's billing records for failure to timely supplement is **OVERRULED**.

    2. *Hearsay*

Defendant next objects that Plaintiff's attorneys' billing records have not been properly authenticated under Federal Rule of Evidence 803(6) because no testimony from a qualified witness has been offered to qualify the documents as a business record under the rule. Plaintiff submitted affidavits from Marshall Meyers, Alex Weisberg, Noah Radbil, Dennis Kurz, Joe Panvini, Aaron Radbil, and Russell S. Thompson IV in support of his motion. Each affidavit indicates that the time entries are accurate and were contemporaneously entered into the firm's computer database. In this instance, the affidavits submitted by Plaintiff are sufficient to

---

[17] Dkt. 151 at 20.
[18] *Id.*
[19] *See Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) ("Our reading of Rule 26(e)(2) and (3) is consistent with the Rule's basic purpose of preventing prejudice and surprise . . .").

authenticate the billing records of Plaintiff's attorneys. Defendant's hearsay objection to the billing records of Plaintiff's attorneys is **OVERRULED**.

3. *Plaintiff's Reply Exhibits*

Defendant also objects to Plaintiff's reply exhibits because "they are untimely, and improperly before the Court as part of a Reply brief, to which Creditwatch is unable to provide a detailed and thorough response to each case."[20] To the extent that the court finds that any of the cases attached to Plaintiff's Reply are relevant to a determination of a reasonable attorney's fee in this case, the court will consider them. Defendant's objection to exhibits A, B, C, D, E, F, G, and H is **OVERRULED**.

Next, of the 801 pages of exhibits Plaintiff submitted, 724 pages are copies of thank you letters to Plaintiff's counsel, which the court finds irrelevant to a determination of the reasonable attorney's fee in this case. Similarly, Plaintiff's counsel's Better Business Bureau reports are irrelevant to a determination of a reasonable attorney's fee in this case.[21] Plaintiff's Exhibit J appears to be a list of fees awarded in other cases to Plaintiff's counsel. Without knowing more about the underlying cases, the list is not helpful to the court in making a determination of a reasonable attorney's fee in this case, and has therefore not been considered. Defendant's objection to exhibits J, K, and L is **SUSTAINED**.

Finally, Defendant objects to Plaintiff's Exhibit I, Mr. Meyers's affidavit, which is submitted in response to Defendant's hearsay objections to the affidavits submitted with Plaintiff's motion. Because the court held that the affidavits submitted with Plaintiff's motion were sufficient to satisfy Federal Rule of Evidence 803(6), consideration of Mr. Meyers's additional affidavit is unnecessary, and Defendant's objection is **OVERRULED.**

---

[20] Dkt. 152 at 1.
[21] *See* Dkt. 151-2.

#### 4. *Plaintiff's failure to designate an expert on attorney's fees*

Defendant contends that Plaintiff's failure to designate an expert witness to provide testimony regarding attorney's fees precludes Plaintiff from offering any testimony regarding attorney's fees because Plaintiff's attorneys are not themselves properly qualified to testify as to attorney's fees in this case. Plaintiff is not required to designate an expert to testify regarding attorney's fees.[22] "A federal district court may fix attorneys' fees on the basis of affidavits and may even do so on its own experience without any testimony."[23] Defendant's objection to Plaintiff's failure to designate an expert to testify regarding attorney's fees is **OVERRULED**.

### C. Is Plaintiff a Prevailing Party?

Defendant argues that "Plaintiff failed on a majority of his claims and failed to recover any actual damages" and that Plaintiff did not succeed on any significant issue in the litigation such that he should be entitled to attorney's fees. Plaintiff contends that an award of attorney's fees under the FDCPA is mandatory and should not be proportionate to the amount of damages awarded. For his claims raised under the FDCPA, Plaintiff was awarded $1,000.00 under 15 U.S.C. § 1692k(a)(2)(B)—the maximum amount of additional statutory damages available. While the jury did not find that Plaintiff suffered any actual damages, Plaintiff's award of additional statutory damages under 15 U.S.C. § 1692k(a)(2)(B) is sufficient to entitle him to an award of a reasonable attorney's fee.[24]

### D. Calculation of the Lodestar

The lodestar is determined by multiplying the prevailing market rate for attorneys by the number of hours reasonably expended on the case. Plaintiff initially asked the court to award him

---

[22] *See Smith v. ProCollect, Inc.*, No. 6:09-cv-0350, 2011 WL 1375667, at *1 (E.D. Tex., Apr. 12, 2011).
[23] *Resolution Trust Corp. v. Tassos*, 764 F. Supp. 442, 443 (S.D. Tex. 1990).
[24] *See Merrick v. Scott*, Civil Action No. 3:10-CV-2172-D, 2011 WL 1938188, at *2 (N.D. Tex. May 20, 2011).

$78,981.00 in fees.[25] After Defendant filed its Response (Dkt. 138), Plaintiff, in his Reply (Dkt. 151 at 17) waived an additional .5 hours of attorney time that may have been duplicative, reducing the number of attorney hours for which reimbursement is sought to 317. Plaintiff also waived an additional $1,107 in requested fees for time that may have been considered clerical in nature, reducing the number of attorney hours for which reimbursement is sought to 315.4 and paralegal and law clerk time to 32.4, and the total amount of requested fees to $77,796.50.

First, the court determines the reasonable hourly rate. The court takes judicial notice that the State Bar of Texas Department of Research & Analysis compiles a bi-annual report detailing attorneys' hourly rates by years in practice, location, and type of practice.[26] Based on the latest report available, which was published May 21, 2012, the court finds that in 2011 a reasonable and customary hourly rate for an attorney practicing consumer law in the Dallas-Fort Worth-Arlington Region was $225 per hour. After deducting the additional amounts waived in Plaintiff's Reply (Dkt. 151), the court finds that Plaintiff has requested an average of $232.79 per hour for the remaining 315.4 hours using the method Plaintiff used in his original motion – "dividing the total attorney fees billed by the total attorney hours spent in this litigation."[27] The court finds that an hourly rate of $232.79 is a reasonable average rate for Plaintiff's attorneys based on the reasonable and customary hourly rate for an attorney practicing consumer law in this region and taking into account the experience of Plaintiff's counsel as demonstrated in the

---

[25] Plaintiff stated that he was seeking reimbursement for 317.5 hours of attorney time billed at an average rate of $233.03 per hour which amounts to a total of $73,987.03. On page 8 of his motion, Plaintiff explains that the paralegals and law clerks assigned to this case "expended an additional 37 billable hours." Plaintiff has asked for reimbursement of this time at the rate of $135 per hour.

[26] STATE BAR OF TEXAS, DEP'T OF RESEARCH & ANALYSIS, 2011 HOURLY FACT SHEET, *available at* http://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends. The court notes that Defendant cites to the State Bar of Texas Survey in support of its argument that Plaintiff's attorney's rates are unreasonable. However, Defendant cites to the 2009 survey instead of the most recent survey.

[27] Dkt. 133 at 1 n.1.

affidavits and biographies submitted in support of Plaintiff's motion.[28] Therefore, the court will use $232.79 as the reasonable hourly rate in calculating the lodestar.

Next, the court determines the reasonable hours spent on this litigation. Plaintiff posits that he has already waived 221.6 hours of reasonably expended time in an exercise of billing discretion. Ostensibly, this amount of time waived was intended to account for time that is not reasonable or recoverable, but it is not always clear which hours were waived and for what reason those hours were waived. For instance, on May 24, 2013, attorney Noah Radbil charged 11.20 hours for "[r]eview exhibit binders and supplement disclosure; prepare for trial with client and Marshall Meyers."[29] Three hours of his work for that day were waived, but it is not clear why those three hours were waived or what they were spent doing. Similarly, on May 23, 2013, Tara St. Angelo, whose position is unclear, entered 2.5 hours to "[p]repare trial subpoena for Scott A. Brandt; called process several several times; got checks from accounting; prepared overnight mail fees,"[30] of which 2.0 hours were waived without explanation.[31] The same is true of Ms. St. Angelo's entry on May 21, 2013. While some of Plaintiff's block-billed entries contain sufficient information for the court to assess whether the time expended was reasonable or recoverable, "too many entries lump together tasks in such a way that it is impossible to tell whether, for any particular task, the number of hours" [32] claimed is reasonable and recoverable under the circumstances of this case. "[P]laintiffs seeking attorney's fees are charged with the burden of showing reasonableness of the hours billed and, therefore are also charged with

---

[28] *See* Dkts. 133-2, 133-3.
[29] Dkt. 133-1.
[30] Dkt. 133-1.
[31] Presumably, the majority of the time entered by Ms. St. Angelo on this day was waived because it appears to be purely clerical in nature. However, Plaintiff has failed to provide any documentation or explanation for the waiver.
[32] *Fralick v. Plumbers and Pipefitters Nat'l Pension Fund*, Civil Action No. 3:09-cv-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011).

proving that they exercised billing judgment."[33] The court finds that a 10% deduction is warranted because Plaintiff failed to adequately support his claim that proper billing judgment has been exercised for the court to determine the reasonableness of the remaining fees.

Further, Plaintiff also argues that he has waived recovery for time expended solely in pursuit of his claims under the TCPA.[34] But it is clear that Plaintiff has not waived all entries of time that are related to only his TCPA claim.[35] For instance, attorney Noah Radbil's August 15, 2012 entry charges 1.30 hours for "[p]repare Plaintiff's Response to Defendant's Motion to Quash Rule 45 Subpoena Duces Tecum to Global Connect, LLC (1.2); email to Tremain Davis with instructions to file (.1)."[36] Plaintiff subsequently waived .2 hours of this time, but does not specify which .2 hours are being waived or for what reason the time was waived when the entire entry appears to be related to Plaintiff's TCPA claims.[37] Similarly, Plaintiff has made no waiver of attorney Noah Radbil's time charged on August 14, 2012, for "[r]eview and edit Plaintiff's Response to Defendant's Motion To Quash Rule 45 Subpoena Duces Tecum of Global Connect, LLC" for .20 hours. Defendant argues that a total of $3,770 in fees should be deducted because the hours claimed were spent solely on issues related to Plaintiff's TCPA claim. The court recognizes that some of Plaintiff's claims under the TCPA arise out of the same facts or

---

[33] *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).
[34] Dkt. 133 at 10.
[35] *See* Dkt. 138 ¶ 53. Defendant filed a Motion to Quash Rule 45 Subpoena issued by Plaintiff to Global Connect, LLC. Dkt. 101. Global Connect, LLC is the maker of the automated telephone dialing system that was used by Defendant to make the calls which are the basis of Plaintiff's suit. However, the equipment used to make those calls was not relevant to a determination of Plaintiff's claims under the FDCPA.
[36] Much of the time during trial related to the question of whether the Global Connect System fell under the TCPA's definition of an "automated telephone dialing service." *See, e.g.,* Dkt. 145, Trial Tr. vol. 2, 330-331.
[37] Dkt. 151 at 19.

transactions and are therefore not easily extracted from the total amount requested,[38] but it is clear that Plaintiff failed to waive recovery for all of the entries that relate solely to his TCPA claim. The court finds that an additional 3% deduction is appropriate to account for those entries related to Plaintiff's TCPA claim that have not been waived.

Next, Plaintiff has requested a recovery of fees related to a motion for sanctions that was contemplated, but never filed. Plaintiff considered seeking sanctions against Defendant for failing to produce a "written contract between CreditWatch and the creditor on whose behalf it was collecting, Gerald Champion Regional Medical Center."[39] Plaintiff contends that "[a]lthough [he] ultimately chose not to file the motion, much of the time spent preparing it was relevant to the successful prosecution of the case."[40] Plaintiff, however, fails to explain how this time was relevant to the successful prosecution of the case. The court declines to award any fees for a motion that was ultimately not filed in the case, particularly in the absence of any explanation of why the fees are reasonably necessary. The court deducts 2% of the amount of hours for which recovery is granted.

The lodestar in this instance is then 315.4 x $232.79 = $73,421.97. Reducing that award by 15% for the reasons explained above, the amount for attorney's fees is $62,408.67.

Plaintiff seeks reimbursement for 32.4 hours of time expended by paralegals and law clerks at the rate of $135.00 per hour. Many courts have held that "office overhead and secretarial expenses are already taken into account in the attorney's fees, while fees for legal work, even if done by a paralegal, may be recovered separately."[41] Plaintiff has not provided job

---

[38] *See Memon v. Pinnacle Credit Servs., LLC*, No. 4:07-cv-3533, 2009 WL 6825243, at *2 (S.D. Tex. May 21, 2009)
[39] Dkt. 133 at 3 n.2.
[40] *Id.*
[41] *Merrick v. Scott,* Civil Action No. 3:10-CV-2172-D, 2011 WL 1938188, at *5 (N.D. Tex. May 20, 2011).

titles for any of the individuals for which reimbursement at the rate of $135 per hour is sought. Further, while Plaintiff contends that he has waived what he believes is work that could be considered purely clerical in nature, it is clear that not all such time has been waived. For instance, Nichole Stasdakovich's May 13, 2013 entry for 1.80 hours for "[d]raft five trial subpoenas (.5); finish calculating mileage and witness fees (.8); obtain witness fees checks (.2); prepare cover letter to accompany trial subpoenas (.2); prepare FedEx form for overnight delivery in Texas (.1)" contains tasks that certainly appear to be easily accomplished by a secretary and do not require legal training. Similarly, Tremain Davis billed for .10 hours on September 17, 2012 for "[r]eceived email from client stating he received a call from Max Martinez with Credit Watch and that Mr. Martinez has been trying to contact our firm. Saved email to client's folder and diaried event for attorney to call back Mr. Martinez." Surely reading an email and passing a note to an attorney to return a call would be considered clerical work that should not be compensated at the rate of $135.00 per hour. Several entries contain a mix of clerical and legal tasks. While the Plaintiff has waived recovery for some entries that are purely clerical in nature, after reviewing the billing statement, the court concludes that a 50% reduction to the amount requested for paralegal work is adequate to account for the non-billable clerical tasks included in Plaintiff's motion. Plaintiff's recoverable time for paralegals and law clerks will be 16.4 hours. Plaintiff failed to submit any documentation to support the rate of $135 per hour for this time. The court finds that a more accurate rate for this region is $100 per hour.[42] The court awards $1,640 for paralegal time.

      The lodestar in this case is $64,048.67.

---

[42] *See Hernandez v. Aleman Const., Inc.,* No. 3:10-cv-2229-BN, 2013 WL 5873289, at *5 (N.D. Tex. Nov. 1, 2013) (listing cases discussing reasonable paralegal rates).

### E. Adjustments to the Lodestar under *Johnson*

#### 1. *The time and labor required for the litigation*

This case was undoubtedly highly contentious. It was filed on August 8, 2011 and before it proceeded to trial on May 28, 2013, the parties had litigated five motions relating to discovery disputes: three motions to compel,[43] a motion for sanctions,[44] and a motion to quash a subpoena;[45] as well as three dispositive motions,[46] and filed extensive pre-trial materials.[47] The jury trial lasted four days. The time and labor required for this relatively straightforward lawsuit should not have been excessive, and certainly the parties' litigious behavior caused an unnecessary multiplication of attorneys' fees for both sides. The court does not find that this factor warrants an additional adjustment to the lodestar that has not already been taken into account.

#### 2. *The novelty and difficulty of the questions presented*

The only novel questions presented in this suit involved Plaintiff's TCPA claims for which fees are not recoverable, and, therefore, the court does not hold that an adjustment to the lodestar is appropriate under this factor. The factual and legal issues in this case pertaining to Plaintiff's FDCPA claims were neither difficult nor unusual especially in light of counsels' representation to the court that their expertise is in the area of consumer law,[48] and counsels' qualifications have been accounted for in the lodestar calculation.

---

[43] Dkts. 14, 26, and 50.
[44] Dkt. 25.
[45] Dkt. 101.
[46] Dkts. 18, 19, 61.
[47] *See, e.g.*, Dkts. 59, 60.
[48] *See Lewis v. Hurst Orthodontics, PA*, 292 F. Supp. 2d 908, 910 (W.D. Tex. Nov. 7, 2003).

### 3. The skill required to perform the legal services properly

The court finds that counsel were adequately skilled and otherwise qualified to pursue this case and no adjustment to the lodestar is warranted under this factor.

### 4. The preclusion of other employment by the attorney due to acceptance of the case

This was not a complex case and should have not precluded Plaintiff's counsel from accepting other work. Plaintiff also points out that this factor is subsumed in the lodestar calculation.[49]

### 5. The customary fee

This factor is part of the "lodestar" analysis and need not be considered again.

### 6. Whether the fee is fixed or contingent

Plaintiff argues that if this factor is considered at all, it should warrant an increase to the lodestar, but provides no evidence to support an adjustment. Therefore the court does not consider an upward adjustment to the lodestar under this factor.

### 7. Time limitations imposed by the client or the circumstances

Plaintiff states that this factor is subsumed in its lodestar calculation and has not requested any upward adjustment to the lodestar under this factor.[50]

### 8. The amount involved and the result obtained

"'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"[51] Plaintiff originally brought claims under the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act. Attorneys' fees are not recoverable under the

---

[49] Dkt. 151 at 12.
[50] Dkt. 151 at 13.
[51] *Farrar v. Hobby*, 506 U.S. 103, 114 (1992).

Telephone Consumer Protection Act even though Plaintiff prevailed on those claims and recovered $8,000 in damages.[52] Plaintiff argues that "[a]ttorneys' fees are available for all claims except those under the TCPA,"[53] but Plaintiff only prevailed on some of his claims under the FDCPA and did not prevail on his TDCA or DTPA claims. Plaintiff originally sought recovery of both actual damages and statutory damages for his claims under the TDCA, DTPA, and FDCPA. While the TDCA and the DTPA allow for the recovery of attorney's fees, the court ruled as a matter of law at the close of Plaintiff's evidence at trial that Plaintiff had failed to put forth evidence to support an award of actual damages under either statute. The jury further found that Plaintiff had not suffered any actual damages under the FDCPA, but awarded Plaintiff the maximum amount of statutory additional damages available under the FDCPA--$1,000.

Plaintiff argues that while only $1,000 in statutory damages were awarded by the jury, $1,000 is the maximum amount available and the failure to recover any actual damages does not warrant a reduction of the amount requested in fees. The court agrees with Plaintiff's contention that an award of $1,000 in statutory damages is not nominal considering the purpose of the FDCPA and does not warrant a reduction in fees in proportion, but the court does find that the amount expended on this case is unreasonable considering the result achieved in this instance.[54] Plaintiff cites to *Tolentino v. Friedman*, 46 F.3d 645, 653 (7th Cir. 1995) for the proposition that "[i]n order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is

---

[52] The court has already deducted 2% in the amount of hours claimed for being related solely to Plaintiff's TCPA claim. The court does not consider this in making a further deduction here, but merely includes the analysis for the sake of clarity.
[53] Dkt. 133 at 10.
[54] *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.").

necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of case."[55] The court agrees, but it is unlikely counsel would be able to recover the nearly $80,000 in requested fees for the work of ten attorneys and twenty-seven other professionals to obtain a $1,000 recovery. While Plaintiff contends that he has already waived recovery for 1/3 of the amount of time his counsel expended on this case, the remaining 315.4 hours for which recovery is sought are excessive and unreasonable for pursuit of a relatively straightforward FDCPA claim and recovery of $1,000 in statutory additional damages after nearly two years of contentious litigation and a four-day jury trial. Accordingly, the court reduces the amount awarded by an additional 15%.

### 9. *The experience, reputation and ability of the attorneys*

This factor does not warrant an adjustment to the lodestar because the court has already considered the experience, reputation, and ability of the attorneys in determining that the hourly rate used in the lodestar is reasonable.

### 10. *The "undesirability" of the case*

This factor does not warrant an adjustment to the lodestar.

### 11. *The nature and length of the professional relationship with the client*

Plaintiff provides no argument on this point, and the court is not aware of any facts which would warrant an adjustment to the lodestar under this factor.

### 12. *Awards in similar cases*

While the Plaintiff was successful on some of his claims under the FDCPA, Plaintiff did not achieve exceptional results in this case. Accordingly, this factor does not merit an enhancement of the "lodestar" multiplier.

---

[55] Dkt. 133 at 7.

**IV. CONCLUSION**

Plaintiff's Motion for Attorney's Fees (Dkt. 133) is **GRANTED IN PART**. Plaintiff is awarded **$54,441.37** in attorney's fees.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE