IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:11-cv-493 |
| | § | |
| CREDITWATCH SERVICES, LTD., | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER ON DAMAGES UNDER THE
TELEPHONE CONSUMER PROTECTION ACT**

A jury trial was conducted in this matter from May 28, 2013 through May 31, 2013. The jury was asked to answer questions related to Plaintiff's claims under the Telephone Consumer Protection Act (TCPA). The jury held that: (1) Defendant called Plaintiff's cell phone using an automated telephone dialing system (ATDS); (2) Defendant called Plaintiff's cell phone using an artificial or prerecorded voice; (3) Plaintiff gave his prior express consent to be called on his cell phone regarding the underlying transaction at issue; (4) Plaintiff revoked his prior express consent to be called on his cell phone regarding the underlying transaction at issue.[1] The jury found that sixteen calls were made to Plaintiff's cell phone using an ATDS without his prior express consent and seven calls were made to Plaintiff's cell phone using an artificial or prerecorded voice without his prior express consent in violation of the TCPA. Plaintiff seeks recovery for a total of sixteen violations of the TCPA.[2] The parties agreed to leave to the discretion of the court a determination of whether those violations were committed willfully and

---

[1] Dkt. 127. During trial, the court held that Plaintiff could orally revoke his prior express consent to be called on his cellphone based on 7 FCC Rcd. 8752 n.47. Dkt. 146, Trial Tr. vol. 3, 624:12-14, May 30, 2013; *see also Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 749-53 (W.D. Tex. Dec. 19, 2011). Since the trial of this case, the Third Circuit has also held that prior express consent under the TCPA may be revoked. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. 2013). The court declines Defendant's invitation to reconsider its ruling on this point. *See* Dkt. 137 ¶10.
[2] Dkt. 134 at 6.

knowingly and if so, whether the damages awarded to Plaintiff should be trebled under the 47

U.S.C. § 227(b)(3)(C).[3] The parties submitted briefing on this issue to the court.[4] For the reasons

set forth herein, the court declines to award treble damages to Plaintiff.

The Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3) provides that

A person or entity may . . .bring . . .

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual or monetary loss from such violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

Plaintiffs ask the court to award him $24,000, which amounts to treble damages for each of Defendant's sixteen violations of the TCPA. Plaintiff contends that Defendant knowingly and willfully violated the TCPA because Defendant intentionally called Plaintiff's cell phone using an ATDS or artificial or prerecorded voice. Defendant counters that its actions were not knowing and willful because at the time it contacted Plaintiff using an ATDS or artificial or prerecorded voice, it did not know that its actions constituted a violation of the statute.

Courts are divided as to what constitutes a willful or knowing violation of the TCPA. One line of cases requires a defendant to know that its actions are a violation of the statute. A second line of cases holds that a defendant does not need to know that its actions violate the statute, only that the defendant intentionally act in a way that violates the statute. At least one court has held

---

[3] Dkt. 146, Trial Tr. vol. 3, 700:16-701:25, May 30, 2013.
[4] *See* Dkts. 134, 137, 141.

that to commit a knowing violation a defendant must know that his conduct violates the statute, but to commit a willful violation the defendant only must act intentionally.[5]

Under 47 U.S.C. § 227(b)(3)(B), a plaintiff can recover $500 in damages for a defendant's violation of the statute without regard to the defendant's state of mind in committing that violation. An award of damages under Subsection (B) is not discretionary.[6] Subsection (C) allows the court to increase the award for a violation that is made "knowingly or willfully" up to treble the amount of statutory damages awarded under Subsection (B). The separation of these two paragraphs and the increased penalty to be awarded in the court's discretion suggests that in order to commit a violation of the TCPA "knowingly or willfully" the defendant must have had some more egregious state of mind when it violated the statute that would warrant an increased award of damages. This court agrees with the line of cases that hold that a defendant must know that its actions are a violation of the TCPA in order to commit a knowing or willful violation of the statute that warrants an award of treble damages.[7]

Defendant argues that at the time these violations occurred, courts were split on the issue of whether under the TCPA an individual's prior express consent to be contacted on a cellular phone could be revoked at all, and if so, if it could be revoked orally or must be revoked in writing. In its brief on the issue, Defendant points out that "[a]t the time of the calls, three (3) opinions had been issued, and the first two (2) deciding that consent could only be revoked in

---

[5] *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 5:11-CV-90, 2014 WL 316476, at *5 (N.D.W.V. Jan. 28, 2014) (collecting cases).
[6] *Adamcik v. Credit Control Servs., Inc.*, 832 F. Supp. 2d 744, 754 (W.D. Tex. Dec. 19, 2011) ("[T]he only discretion Congress has afforded the Court in this case is whether to *increase* damages.").
[7] *See also Mfrs. Auto Leasing, Inc. v. Autoflex Leasing, Inc.,* 139 S.W.3d 342, 346 (Tex. App.—Fort Worth 2004, pet. denied) (holding that "the TCPA is willfully or knowingly violated when the defendant knows of the TCPA's prohibitions, knows he does not have permission to send a fax ad to the plaintiff, and sends it anyway").

writing and the latter that consent may be revoked orally."[8] The statute itself is silent on the issue of how prior express consent, once given, may be revoked. Defendant argues that under these circumstances, it would have been impossible for Defendant to know it was violating the statute and therefore, it did not commit a willful and knowing violation that would merit an award of treble damages to Plaintiff. The court agrees. In addition to inexactitude of the statute and the disagreement among courts, there was no evidence put forth in this case that would indicate that Defendant in fact acted knowingly or willfully in violation of the TCPA.[9]

Under these circumstances, the court declines to exercise its discretion to increase the amount of statutory damages awarded to Plaintiff under the TCPA. Accordingly, the court awards $8,000 in statutory damages under the Telephone Consumer Protection Act to Plaintiff, which amounts to $500 for each of a total of sixteen violations of the TCPA.[10]

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[8] Dkt. 137 ¶ 1.
[9] *See* Dkt. 137 at ¶¶ 19, 20; *see also Adamcik,* 832 F. Supp. 2d at 755 ("No evidence was presented which would support a finding that CCS was more than negligent in its TCPA violation—specifically, there was no evidence CCS knowingly disregarded Adamcik's revocation of consent, nor was there any evidence CCS knew or should have known it was violating the TCPA.").
[10] 47 U.S.C. § 227(b)(3)(B).