IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:11-cv-493 |
| | § | |
| CREDITWATCH SERVICES, LTD., | § | |
| *Defendant.* | § | |

## **FINAL JUDGMENT**

On May 28, 2013, this action came for a trial before a jury. Both parties announced ready for trial, and following presentation of the evidence, the court granted Defendant's motion for judgment as a matter of law on Plaintiff's claims under the Texas Deceptive Trade Practices Act and the Texas Debt Collection Act.[1] The remainder of Plaintiff's claims were presented to the jury for determination. The jury was instructed to answer certain questions pertaining to Plaintiff's claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b), and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.

The jury returned a verdict by answering questions on May 31, 2013.[2] The jury found that with regard to Plaintiff's claims under the Telephone Consumer Protection Act: (1) Defendant called Plaintiff's cell phone using an automated telephone dialing system (ATDS); (2) Defendant called Plaintiff's cell phone using an artificial or prerecorded voice; (3) Plaintiff gave his prior express consent to be called on his cell phone regarding the underlying transaction at issue; and (4) Plaintiff revoked his prior express consent to be called on his cell phone regarding the underlying transaction at issue. The jury found that Defendant made sixteen calls to Plaintiff's cell phone using an ATDS without consent in violation of the TCPA and that

---

[1] Dkt. 145, Trial Tr. vol. 2, 510:6-511:2, May 29, 2013.
[2] Dkt. 127.

Defendant made seven calls to Plaintiff's cell phone using an artificial or prerecorded voice without consent in violation of the TCPA. Plaintiff requested that statutory damages be awarded for a total of sixteen violations of the TCPA.[3] After reviewing post-trial briefing from the parties, the court declined to exercise its discretion to award treble damages to Plaintiff for these violations and awarded $8,000 in statutory damages to Plaintiff for Defendant's violations of the Telephone Consumer Protection Act.

With regard to Plaintiff's claims under the FDCPA, the jury found that: (1) Defendant used false representations or deceptive means to collect or attempt to collect any debt or obtain information concerning Plaintiff in violation of 15 U.S.C. § 1692e(10); and (2) Defendant communicated with Plaintiff in connection with the collection of a debt while knowing Plaintiff was represented by an attorney with respect to such debt and knowing or being able to readily ascertain such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2). Prior to trial, this court held as a matter of law that (1) Defendant violated 15 U.S.C. § 1692d(6) when it contacted Plaintiff without identifying its business name or stating that the call was from a debt collector and (2) Defendant violated 15 U.S.C. § 1692e(11) when it contacted Plaintiff without disclosing that it was attempting to collect a debt. As a result of these four violations of the FDCPA, the jury awarded Plaintiff a total of $1,000 in statutory additional damages.

It is therefore, ORDERED that the Plaintiff, Thomas E. Whatley, III, recover from Defendant, Creditwatch Services, Ltd., damages in the amount of $9,000 plus attorneys' fees in the amount of $54,441.37 as set forth in a separate order filed on this day, and he shall be entitled to post-judgment interest at an annual rate of 0.14% compounded annual pursuant to 28 U.S.C. § 1961 until paid.

---

[3] Dkt. 134 at 6.

IT IS SO ORDERED.

**SIGNED this the 31st day of March, 2014.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE