# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS E. WHATLEY III, | § | |
|     *Plaintiff* | § | |
| | § | |
| v. | § | Civil Action No. 4:11-cv-00493-RAS-DDB |
| | § | |
| CREDITWATCH SERVICES, LTD., | § | |
|     *Defendant*. | § | |

## PLAINTIFF'S MOTION FOR TAXATION OF COSTS

Plaintiff Thomas E. Whatley, III ("Plaintiff") through undersigned counsel, hereby files this motion for the taxation of costs in this matter. In support thereof, Plaintiff states as follows:

**I. Plaintiff seeks costs in the amount of $7,540.14.**

Plaintiff seeks the following costs:

- $350.00 filing fee
- $60.00 for serving the complaint
- $1,300.10 for transcript for deposition of Scott Brandt
- $4,180.70 for an expedited trial transcript
- $425.12 for Plaintiff's deposition transcript
- $247.20 for Scott Brandt's witness fees
- $146.08 for Joseph Tempesta's witness fee
- $150.00 for Ann Caillet's witness fee
- $146.08 for Jim English's witness fee
- $287.36 for Maria Morales's witness fee
- $105.00 to serve subpoena on third-party Global Connect
- $75.00 to serve Jim English subpoena
- $67.50 to serve Scott Brandt subpoena

*See* Bill of Costs, attached hereto as Exhibit "A."

**II. Agreed Costs**

Pursuant to Local Rule CV-54(b)(2), Plaintiff conferred with Defendant Creditwatch Services, Ltd. ("Creditwatch") regarding which costs Creditwatch disputed and which costs were not disputed. The following costs are uncontested:

- $350.00 filing fee
- $1,300.10 for transcript for deposition of Scott Brandt
- $425.12 for deposition transcript cost from Plaintiff's deposition
- $247.20 for Scott Brandt's witness fees for
- $146.08 for Joseph Tempesta's witness fee
- $150.00 for Ann Caillet's witness fee

In total, Creditwatch does not oppose the above costs of $2,618.50. Accordingly, Plaintiff requests that these costs be taxed without further briefing.

### III.     Opposed Costs

The contested costs fall into on three categories. First, Creditwatch opposes the taxation of the entire cost of the trial transcript, which was ordered on an expedited basis following trial. Second, Creditwatch opposes the taxation of witness fees for witnesses who did not testify at trial.[1] Finally, Creditwatch opposes the taxation of all costs paid to private process servers. Plaintiff addresses each of these disputes in turn.

####    A.     Obtaining the trial transcript was not for convenience, but was reasonably expected to be necessary for Plaintiff's counsel's effective performance following trial.

The Court should award $4,180.70 to Plaintiff for the cost of obtaining the trial transcript, as it was necessarily obtained for use in the case. The trial transcript quote for 30-day delivery was $3,285, but because it was ordered on an expedited basis, the quoted price was $4,365. *See* Email Exchange with Court Reporter, attached hereto as Exhibit "B." Plaintiff paid $4,365.00 to the court reporter, *see* Exhibit "A" at 7, but later received a refund of $184.30, and therefore only seeks $4,180.70. Creditwatch contests that Plaintiff is entitled to the cost of preparing the trial transcript, both generally, and on an expedited basis.

---

[1] The attached Bill of Costs form (Exhibit "A") does not itemize the attendance, mileage, and subsistence fees, because the undersigned does not have information regarding this exact itemization. It is undisputed, however, that these were the actual amounts paid to the witnesses, all of whom were Creditwatch employees.

### 1. The cost of a trial transcript is taxable where could reasonably be expected to be used following trial.

The Court "may tax as costs… [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The extra cost of obtaining a transcript on an expedited basis is taxable where "the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991).

"Whether a [transcript] was *necessarily obtained* for use in the case is a factual determination to be made by the district court." *Id.* at 285–86 (emphasis added). The phrase *necessarily obtained* "does not mean that the transcript must have been 'indispensable' to the litigation to satisfy this test; it simply must have been 'necessary' to counsel's effective performance or the court's handling of the case." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1207 (N.D. Iowa 2003) *aff'd*, 382 F.3d 816 (8th Cir. 2004).

A court should not disallow the cost of a trial transcript simply because it was not used extensively for post-trial briefing. *See Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686-87 (E.D. Tex. 2007) (citing *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982)) ("Costs should not be disallowed merely because the deposition was not ultimately used at trial or in connection with a dispositive motion"). Rather, the cost of a trial transcript should be allowed if it "is shown to have been reasonably necessary in the light of the facts known to counsel at the time" when it was obtained. *Id.* at 687 (internal citation omitted).

### 2. Plaintiff's counsel did not order the expedited trial transcript for convenience, but because it was reasonably necessary given what was known at the time.

The Court should tax the cost of the expedited trial transcript, because the circumstances warranted ordering it and ordering it on an expedited basis. Following trial, the parties still

needed to submit briefing on the issue of treble damages under the TCPA and the issue of attorneys' fees under the FDCPA. *See* Doc. 141 at 1 (citing Trial Transcript, Volume 4, p. 838 at lines 14-15; p. 839 at lines 1-4). Plaintiff was ordered to submit his briefs by June 21, 2013. *See* Doc. 126 at 7. Accordingly, Plaintiff ordered the trial transcript on an expedited basis, resulting in an additional cost of $895.70.

Plaintiff cited to the transcript in his memorandum on treble damages to show that: (1) in an effort to "maximize recovery," Creditwatch knowingly used the Global Connect dialer system, (2) that it had the ability to pause its dialer campaign, and (3) it could have removed Plaintiff's number from the dialer campaign. *See* Doc. 132-1. Ordering the transcript was also necessary to respond to any possible post-trial motions Creditwatch might have made, and Creditwatch did in fact move for reconsideration on the issue of consent. *See* Doc. 137, ¶ 10.

Plaintiff anticipates that Creditwatch will argue that the transcript was not necessary at all, let alone on an expedited basis, because Plaintiff only used the transcript sparingly in his post-trial briefs. The Court should reject this type of post hoc analysis. The case was aggressively litigated and fact-intensive, and having a true and exact record of the witness testimony was necessary to "counsel's effective performance [and] the court's handling of the case." *Baker*, 263 F. Supp. 2d at 1207. Indeed, Creditwatch appears to have also obtained the trial transcript for post-trial briefings. *See* Doc. 137-1 at 28-34; *accord Lemelson v. Mattel, Inc.*, 77 C 4558, 1993 WL 34823, *1 (N.D. Ill. 1993) *(*"By agreeing to split the cost of the transcripts, [party] acknowledged the reasonableness of having them prepared on a daily basis."). And, the Court itself had the court reporter produce a 150-page draft transcript of Scott Brandt's testimony in order to rule on Creditwatch's motion for judgment as a matter of law. *See* Trial Transcript Vol. 3, 574:1, 588:6-12.

The fact that the transcript was not used as extensively as was perhaps expected is

irrelevant under *Fogleman*. *See id.*, 920 F.2d at 285 (finding cost of deposition is taxable "[i]f, at the time it was taken…[it]could reasonably be expected to be used" at trial or for trial preparation). Accordingly, the Court should award Plaintiff his costs of preparing the trial transcript on an expedited basis.

        **B.**      **The witness fees for Jim English and Maria Morales are taxable.**

Creditwatch contests the witness fees for Jim English and Maria Morales—Defendant's employees who attended trial and cashed their witness fee checks, but who did not actually testify—in the amounts of $146.08 and $287.36, respectively. "Although courts do not ordinarily allow fees for witnesses who have not testified at trial, a court may award such a fee if the witness was ready to testify but extrinsic circumstances rendered his testimony unnecessary." *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984).

Defendant's employees Jim English and Maria Morales attended trial, cashed their witness checks, and could have been called as witnesses if necessary. While they were "not on the witness stand, they were 'in necessary attendance on the court, in readiness to testify.' " *Id*. at 1552 (citation omitted). Other evidence made Mr. English's and Ms. Morales' testimony unnecessary, but Plaintiff reasonably expected that their testimony could become necessary. Mr. English was Chief Operating Officer of Creditwatch, and Ms. Morales was the representative who spoke to Plaintiff by phone. Both witnesses might have been needed if Mr. Brandt made conflicting statements or if authentication issues arose.

Of course, while Creditwatch also listed them as witnesses, the only way to guarantee their attendance was through subpoena and payment of a witness fee. Accordingly, the Court should tax these witness fees as costs against Creditwatch.

        **C.**      **The costs of private process servers are taxable in this case.**

Plaintiff seeks costs of $60.00 for serving the complaint, see Exhibit "A" at 5, $105.00 to

serve subpoena on third-party Global Connect, *see id*. at 9, $75.00 to serve Jim English's subpoena, *id*. at 10, and $67.50 to serve Scott Brandt's subpoena.[2] *Id*. at 11. Creditwatch contests these costs because Plaintiff used private process servers. "Parties routinely employ private process servers, however." *Katz v. State Farm Fire & Cas. Co.*, CIV.A. 06-4155, 2009 WL 3712588 (E.D. La. 2009). "[S]ection 1920(1)'s phrase '[f]ees of the clerk and marshal' has been interpreted by the Ninth Circuit to include private process servers' fees as taxable costs because the service of summonses and subpoenas is now done almost exclusively by private parties employed for that purpose, not the U.S. Marshal, even though there is no express provision authorizing the payment of private process servers in § 1920." *Gaddis v. U.S.*, 381 F.3d 444, 456 (5th Cir. 2004).

Many district courts in the Fifth Circuit have cited *Cypress–Fairbanks Indep. School Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir.1997), for the proposition that private process server fees are not taxable under 28 U.S.C. § 1920(1) absent exceptional circumstances. In *Katz*, the court approved the request for the costs of private process servers, finding the holding in *Cypress–Fairbanks* "easily distinguishable" because, there, the losing party had "offered to accept service on behalf of any unreachable witnesses." *Katz*, 2009 WL 3712588 at *2. Here, Creditwatch did not offer to accept service for Scott Brandt or Jim English. Creditwatch could not have accepted service on behalf of Global Connect, a third party. And Plaintiff was under no obligation to permit Creditwatch the opportunity to waive service. Thus, service was required in all of the instances for which Plaintiff seeks reimbursement.

It is also worth noting that § 1920 "is not exclusive." *Copper Liquor*, 684 F.2d at 1099. "Some expenditures not listed in § 1920 may be taxed as costs if allowed by a local rule of court or by the custom in a particular district." *Id*. So if the Court finds that private process server

---

[2] Plaintiff actually paid to serve Mr. Brandt multiple times and to rush Mr. English's subpoena. Plaintiff only seeks the cost of the last subpoena on Mr. Brandt and does not seek the rush fee.

costs are customarily taxed in this district, it need not follow the cases relying on *Cypress-Fairbanks*, as the litigants in those cases may simply have failed to persuade the court that it had authority beyond the language of § 1920(1).

Dated: April 21, 2014.                    Respectfully submitted,

<u>/s/Marshall Meyers</u>
Marshall Meyers
5025 N. Central Ave., #602
Phoenix, AZ 85012
Phone: (888) 595-9111 ext. 111
Facsimile: (866) 565-1327
mmeyers@attorneysforconsumers.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on April 21, 2014, the Motion for Taxation of Costs was filed with the Court using CM/ECF, which will send notification of such filing to:

Robbie Malone
Eugene Xerxes Martin
Robbie Malone, PLLC
8750 North Central Expressway # 1850
Dallas, TX 75231
rmalone@rmalonelaw.com
xmartin@rmalonelaw.com

/s/ Marshall Meyers
Marshall Meyers


## CERTIFICATE OF CONFERENCE

I certify that on April 11, 2014, my office conferred by email with Xerxes Martin to whether Defendant opposed the costs requested herein. Mr. Martin stated which costs were contested and which costs were uncontested.

/s/Marshall Meyers
Marshall Meyers